Hon. EDGAR N. HARWOOD, ⎫
Hon. WILLIAM H. DE WITT, ⎭ Associate Justices.

STATE EX REL. COPE *v.* MINAR, COUNTY TREASURER.

[Submitted April 25, 1892. Decided December 19, 1892.]

COUNTIES — *Appeal from allowance of claim by county commissioners — Warrants — Mandamus.* — Where a tax-payer has taken an appeal to the District Court from an allowance by a board of county commissioners of a claim against a county, as permitted by sections 764, 765, fifth division of the Compiled Statutes, and thereafter a judgment by default is rendered by such court upon the failure of the board to appear, adjudging such claim illegal and setting aside the allowance of the same, without a trial or inquiry of any character respecting its merits, such judgment is unauthorized and constitutes no defense to an application for a writ of mandamus to compel the payment by the county treasurer of a warrant issued in payment of such claim, as the statute relating to appeals in such cases, not requiring notice of the appeal to be given to the holder of the warrant, contemplates that the District Court will review the proceedings of the board of county commissioners. HARWOOD, J., concurs in the issuance of the writ, holding that the judgment declaring the claim void solely for the default of the board of county commissioners was unwarranted, as such board, having no interest in supporting the claim, was not the real party in interest or the proper party respondent or defendant. DE WITT, J., concurs in the issuance of the writ, holding that the District Court acquired no jurisdiction of the appeal, in that the notice of appeal required to be served upon the clerk of the board was only filed with him, and that such filing was not a service. (Citing *Territory* v. *Hanna,* 5 Mont. 246; *State* v. *Gibbs,* 10 Mont. 210.)

Original proceeding.   Application for a writ of mandamus.

*Walsh & Newman,* for Relator.

*John W. Tattan,* for Respondent.

BLAKE, C. J.—This is an application for a writ of mandamus to be issued out of this court to the county treasurer of Choteau County, commanding him to pay a certain warrant, which was issued June 6, 1891, to Barnard Brown, by order of the board. of county commissioners of the county.   The respondent alleges in his answer that there were no funds applicable to the payment of this warrant prior to the sixth day of October, 1891, and at that time the same was canceled, by virtue of a judgment of the District Court of said county, and for this reason the application should be denied.   The account of Brown was allowed, and this warrant therefor was issued June 6, 1891, and presented for payment and registered June 9, 1891.   The relator, George F. Cope, has been the holder and owner of the warrant since the eleventh day of June, 1891.   The foregoing proceedings were had before the entry of the judgment, which is specified in the answer.   A notice of appeal was filed June 27, 1891, in the District Court of Choteau County:—

"STATE OF MONTANA, } *ss.*
COUNTY OF CHOTEAU. }

 "*To Alfred E. Rogers, Esq., County Clerk of the County of Choteau, and ex officio Clerk of the Board of Commissioners of said County of Choteau:*—

"You will please take notice that William H. Todd, a resident and tax-payer of the county of Choteau, and State of Montana, feeling aggrieved by a certain allowance made by the board of commissioners of the said county of Choteau, at its regular June session, 1891, in favor of one B. Brown, in the sum of eleven hundred dollars ($1,100) for work done by said B. Brown, as expert, in examining the accounts of said Choteau County, as excessive, unjust to the county of Choteau, and illegal, will appeal, and hereby does appeal, to the District Court of the Tenth Judicial District of the State of Montana, in and for the county of Choteau, from the allowance made by said board of commissioners of the county of Choteau to

B. Brown, on the second day of June, 1891, in the sum of eleven hundred dollars, upon the grounds that such allowance of eleven hundred dollars ($1,100), made to said B. Brown, on the date, is excessive, unjust to the county of Choteau, and is illegal; and the said William H. Todd hereby appeals from the same to said District Court."

A bond, with two sureties, was also executed by said Todd. This notice and bond were prepared to enable Todd to appeal from the decision of the board of county commissioners, under this statute: "Whenever a claim of any person against the county shall be disallowed, in whole or in part, or when any tax-payer of the county shall feel aggrieved by any allowance made by the board as excessive, unjust to the county, or illegal, such person may appeal from the decision of such board to the District Court for the county, by causing a written notice of such appeal to be served on the clerk of such board, within thirty days after the making of such decision or allowance, and executing a bond to such county, with surety, to be approved by the clerk of such board, conditioned to prosecute such appeal to effect, and to pay all costs that shall be adjudged against the appellant." (Comp. Stats. div. 5, § 764.) The statute further enacts: "Such appeal shall be entered, tried, and determined the same as appeals from Justices' Courts, and costs shall be awarded in like manner." (Comp. Stats. div. 5, § 765.)

All the proceedings in the District Court comprise two records. An order was entered October 2, 1891, in the following words: "*William H. Todd, Appellant, v. Board of County Commissioners of Choteau County, Respondents.* In this cause, the default of defendants having been duly entered, the court orders that judgment be entered in favor of plaintiff." The confusion arising from the use of the word "plaintiff" and "defendants" disappears when we read the judgment, which is as follows: "In the Tenth Judicial District Court of the State of Montana, in and for the county of Choteau. *William H. Todd, Appellant, v. The Board of Commissioners of Choteau County, Montana, Respondent.* In this action, William H. Todd, who is a tax-payer of the said county of Choteau, having regularly prosecuted an appeal, under the statute in such case made and provided, from the action of the board of commissioners of said

county of Choteau, in allowing at their June, 1891, meeting, the claim of one Barnard Brown, in the sum of eleven hundred dollars ($1,100), and in issuing the warrant of said county thereon in said sum of eleven hundred dollars ($1,100), which warrant is numbered 5868, on the general fund of said county; and said appeal having duly come on for trial this second day of October, A. D. 1891, and no appearance being had in opposition thereto by said board of county commissioners, the default of said board in the premises was duly noted, and application for judgment on said appeal was thereupon made by said appellant. The court, being fully advised in the premises, sustained said motion. Wherefore, by virtue of the law and the premises, it is hereby ordered, adjudged, and decreed that said claim of Barnard Brown is illegal, and not a proper charge against said county of Choteau, and the said action of said board of commissioners in allowing the same is hereby disapproved, reversed, and set aside; and it is further ordered, adjudged, and decreed that the warrant issued by said board of county commissioners on the general fund of said county, the same being numbered 5868, is void, and of no effect; and the same is hereby ordered to be canceled and set aside." There is no record of any further action in that tribunal, and no attorney appeared therein for any of the parties. The statute does not require that notice of these proceedings shall be given to the holder of the warrant, or the original claimant, and it is contemplated that the District Court will review the proceedings of the board of county commissioners. The appellate jurisdiction of the District Court is generally exercised when there has been a service of an appropriate notice upon the interested parties, but this class of cases forms an exception. There was no trial or inquiry of any character respecting the merits of the account of said Brown, and the court seems to have entered a judgment by default by reason of his failure to appear and answer. The claim of Brown was not litigated, and no evidence was heard, and there was no statement of the facts upon which the decision could be rendered.

We are of opinion that the court did not have the authority to adjudicate in this manner that the account was an illegal charge against the county of Choteau. The judgment does not

therefore constitute a defense. It is ordered that the writ of mandate be issued, in accordance with the application of the relator.

*Writ granted.*

HARWOOD, J. (*concurring*).—The judgment in this case shows on its face that the claim in question was adjudged "illegal," without any hearing or inquiry as to the merits thereof, on the ground that the board of county commissioners had made default in failing to appear and maintain the validity of said claim in the District Court, upon appeal from the allowance by the county commissioners. It appears from the record "that, the default of defendants having been duly entered, the court ordered that judgment be entered in favor of plaintiff." The decree then declares that, "said appeal having duly come on for trial, this second day of October, A. D. 1891, and no appearance having been had in opposition thereto by said board of county commissioners, the default of said board in the premises was duly noted, and application for judgment on said appeal was thereupon made by said appellant. The court, being fully advised in the premises, sustained said motion. Wherefore, by virtue of the law and the premises, it is hereby ordered, adjudged, and decreed that said claim of Barnard Brown is illegal, and not a proper charge against said county of Choteau, and the action of the said board of commissioners in allowing the same is hereby disapproved, reversed, and set aside." In these proceedings it appears the board of county commissioners, from whose action the appeal was taken, is styled "defendants" and "respondents;" and solely because said board did not appear and maintain the legality of said claim, on appeal, the same was declared illegal, and the allowance anulled, without trial or inquiry as to the merits or legality therof. Such action was, in my opinion, clearly unwarranted in law. Why the board of county commissioners was styled and considered in the proceedings as "defendants" or "respondents," and, on the premise of its default, the claim of Brown against said county declared illegal, has not been made clear by pointing out any support for such theory in law or practice. The appeal is from the action of the board of county commis--

sioners, sitting as such, in considering and allowing a claim against the county; and neither the board, nor any member of it, should be interested in such claim, nor in the question of its allowance or rejection on appeal. There is no provision of the statute, nor is there any analogy or practice, to support the idea that the board of county commissioners is a respondent in such case, or that its default is ground for declaring the claim in question illegal. It would be as proper to consider a justice of the peace respondent or defendant in an appeal from his court, and finally determine the rights of the parties in interest on the premise that the justice of the peace had made default in failing to appear and support his decision, as to consider the board of county commissioners respondent or defendant in such an appeal as this. Nor is there any ground in law or practice for declaring the claim null and void simply because the board of county commissioners failed to appear and maintain the validity of the claim on appeal. The real party in interest, that is, the claimant, or his legal representative, would, by all analogies of practice, be the proper respondent in such an appeal. In other appeals such party in interest is respondent, and is required by statute to be served with notice of appeal. The statute, however, in this case, does not directly provide that the party prosecuting the claim, or his legal representative, shall be served with notice of appeal; but, because no such notice is provided for, the court is not precluded from causing such party to be notified, nor from investigating the claim on its merits, as to whether it is "excessive, unjust to the county, or illegal." Such appeal is taken on the ground that the allowance is "excessive, unjust to the county, or illegal," and thereby the appellant takes the claim into the District Court for re-examination by that court, sitting in the attitude of the board of county commissioners, to review the merits of the claim. The very ground of appeal stated in the statute that the allowance made by the board, is "excessive, unjust to the county, or illegal," indicates the purpose of appeal. If it appeared to the court that the party in interest was a necessary party to be before the court, in order to satisfactorily try and determine the reasonableness or legality of the claim, the court is enabled, by provision of statute, to order such

party to be brought in by notice.  Section 26 of the Code of Civil Procedure provides: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but, when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in."  The statute provides the method by which a tax-payer may remove a claim allowed by the board of county commissioners into the District Court, and there contest the allowance, on the ground that it is excessive, unjust, or illegal.  The board of county commissioners are in no sense to be considered respondent or defendant to appear and maintain the validity of the claim on such appeal; and, in my opinion, a judgment declaring the claim illegal on the sole ground that the county commissioners made default therein, as appears to have been done in this case, is unwarranted in law.

The style in which the appeal in question appears to have been taken, and put upon the calendar of the District Court, and the proceedings therein carried on, tended to obscure the real character and purport of the action.  The title of the case was *William H. Todd,* Appellant, v. *The Board of Commissioners of Choteau County, Montana,* Respondent.  When that case was called for the purpose of entering default of the board of county commissioners, as is usual in a court when default is about to be entered, there was nothing in the title to indicate that the proceeding related to or concerned the interests of Brown, the claimant, and the real party, in fact, whose rights were to be affected thereby.  Nor would the calling of the board of county commissioners to enter its default give Brown any such warning or notice.  If Brown had been in court in person or by counsel, there appears to have been nothing in the title of the case, or the mere calling and entering default of the board of county commissioners, to warn him that judgment was about to be pronounced, declaring his claim null and void.  The theory upon which the proceeding was carried on appears to have been that claimant Brown was a stranger thereto, not to be called or considered a party in the case, notwithstanding his rights were to be determined thereby.  This is contrary to the law and practice; and although the statute had not required

service of notice of appeal on the claimant, who is the real respondent in such case, the proceedings should not be carried on in such a manner and under such a title as to obscure the real nature thereof, and add the harshness of summarily calling a party in no way interested in supporting the claim, and, solely on such default, declaring the claim null and void, regardless of its merits. Such a practice could be used to work great injustice, by carrying a proceeding on in the name of one in no way the proper party, and, on his default, entering judgment, determining the rights of others who are not made parties or called, and whose default is not entered. For these reasons, based upon what is shown on the face of the judgment record, I concur in the conclusion that the judgment in question cannot be pleaded as determining the rights of the claimant. But I do not concur in holding said judgment void, or in allowing it to be questioned in this proceeding, on the ground that notice of appeal from the county commissioners was not served on the county clerk. That, in my opinion, would be going outside of the grounds on which a judgment can be questioned or held void, in a collateral attack. The service of notice may have been made or waived, and service could have been proved or admitted in the District Court. The judgment of the District Court recites that the appeal was "regularly prosecuted" from the allowance by the board of county commissioners, "under the statute in such case made and provided." In a collateral attack on a judgment, pronounced by a domestic court of record, having jurisdiction of the subject-matter, the absolute verity of its declarations, and the regularity of proceedings not required to be shown on the face of the judgment record, are presumed. In the case of *Territory* v. *Hanna,* 5 Mont. 246, the question as to the service of notice of appeal came up, and was considered as a direct question of practice, affecting the appeal of that case to the Supreme Court. We are considering the judgment pleaded here from no such point of view.

DE WITT, J. (*concurring*). — I concur in the result of this case, on the ground that that which is pleaded as a judgment of the Tenth District Court is void, for the reason set forth below. The relator asks that the respondent pay a county warrant which he holds. Respondent's defense is that the warrant was canceled

by a judgment of the District Court. The account on which the warrant was issued was allowed by the board of commissioners; and, under the provisions of section 764 of the General Laws, a tax-payer, William H. Todd, undertook to appeal from the action of the board of county commissioners in allowing the account. That section provides that any tax-payer who feels aggrieved by an allowance made by the board of commissioners may appeal by taking certain steps, one of which is by causing a written notice of such appeal to be served on the clerk of such board. Such notice of appeal was filed with that clerk, but not served upon him. Such filing with the clerk is not service upon him. (*Territory* v. *Hanna*, 5 Mont. 246.) If no notice of appeal was served upon the clerk, no appeal was taken. This court said in the *Hanna Case*, and affirmed in *State* v. *Gibbs*, 10 Mont. 210, as follows: "Appeals are matters of statutory regulation. There must be a substantial compliance with the statute in order to confer jurisdiction upon the appellate court. The appellant is charged with the duty of perfecting his appeal in the manner provided by law, and error in this regard affects the jurisdiction of the appellate court." The District Court, therefore, on the appeal of Todd, had no jurisdiction. Todd could have appealed by observing the law, but this he failed to do. The judgment is therefore void. A void judgment can be used for no purpose. As said by Mr. Black in his work on Judgments (1 Black on Judgments, § 170), and as I had occasion to quote in reference to a void judgment, in *State* v. *Benton*, 12 Mont. 66: "A void judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication; nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever. . . . . It is not necessary to take any steps to have it reversed, vacated, or set aside; but, whenever it is brought up against the party, he may assail its pretensions, and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral." The judgment, therefore, annulling the warrant, was void, and no defense to this application for mandamus. For this reason I agree that the writ issue.