## TWOHY, Appellant, *v.* BOARD OF COMMISSIONERS OF GRANITE COUNTY et al., Respondents.

[Submitted January 20, 1896.  Decided January 27, 1896.]

County—*Allowance of claims—Appeal—Waiver.*—Where an appeal is taken by a taxpayer from the allowance by the commissioners of a bill against the county, and a notice of appeal is served upon the county clerk, as required by section 764, Fifth Division of the Compiled Statutes, and the clerk thereupon transmits the proceedings in the case, with the copy of the notice of appeal, to the district court as required by section 765, *Id.*, he thereby waives any irregularity or insufficiency of the service of the notice.

Same—*Same—Appeal—Service upon claimant.*—On an appeal by a taxpayer from the allowance by the commissioners of a claim against the county, service of the notice of appeal upon the claimant whose bill is allowed is not necessary in order to give the district court jurisdiction, but it is the duty of the court after acquiring jurisdiction to give the claimant notice of the pendency of the case and an opportunity to be heard before rendering judgment.

Same—*Same –Appeal from portion of allowance.*—An appeal may be taken by a taxpayer from one or more items of a claim against the county allowed by the commissioners, without appealing from the whole of the allowance.

*Appeal from Third Judicial District, Granite County.*

Appeal from the allowance by county commissioners of a claim against the county. Judgment dismissing the appeal was rendered for the defendants by Woody, J., sitting in place of Brantley, J. Reversed.

*Smith & Word,* for Appellant.

*Henri J. Haskell,* Attorney General and *Rodgers & Rodgers,* for Respondents.

PEMBERTON, C. J.—On the 4th day of December, 1894, the respondent John W. Morse presented an account for the rent of house and lot against the county of Granite to the board of commissioners of the county for allowance. The account was for three items of $900 each, the last item being for $900 for rent of such house and lot from July 10 to October 10, 1894. All these items for rent were claimed to be due and payable quarterly, as per lease executed by said Morse to the county for said house and lot at a rental price of $3,600 per year. On the 6th day of December, 1894, the whole of said account, amounting to $2,700, was allowed and ordered paid by the board of commissioners. Within thirty days after the allowance of said account, the appellant a taxpayer of said county, appealed from the decision of the board allowing the last $900 item thereof.

The bill of exceptions in the record recites: "And the above named W. S. Twohy, appellant, being dissatisfied with the order of said board of commissioners allowing said bill, served and filed upon the clerk of said board of commissioners and said respondent his notice of appeal from said order of allowance, which said notice, served and left with the clerk of the said board of commissioners, was in fact a copy of the original notice, and was served by the sheriff of Granite county within thirty days after the allowance of said bill."

The original notice of appeal was filed with the clerk of the district court of said county, by the sheriff, with his return thereon. The county clerk thereafter filed the account so allowed and ordered paid by the board with the clerk of the district court, together with the copy of the notice of appeal served on him by the sheriff, with the following return of the proceedings in the case before the board: "The above is a true copy of a bill, or bills, that was filed in this office on the 4th day of December, 1894, and allowed and ordered paid by the board of county commissioners of Granite county, Montana, on the 6th day of December, 1894." A copy of the notice of appeal was also served upon the respondent, Morse by the sheriff.

After the papers had been transmitted to the district court, the respondents moved the court to dismiss the appeal for the following reasons :  "(1) That there is no proof of a written notice of appeal from the decision of said commissioners having been served upon the clerk of said board within 30 days after the making of such decision and allowance, or at any time, or at all.   (2) That there is no proof of such notice having been served at any time upon the claimant, John W. Morse.   (3) That no written notice of appeal from the decision and allowance of said commissioners was served upon the clerk of said board of commissioners within 30 days after the making of the decisions and allowance pretended to be appealed from, or at any other time, or at all.   (4) That no such notice was served at any time upon the claimant, John W. Morse.   (5) That said pretended appeal was taken from a part only of the decision and allowance of said county commissioners upon the claim of said Morse, and not from the whole thereof, as required by law."   The court sustained the motion, dismissed the appeal and entered judgment for respondents for costs.   From this judgment this appeal is prosecuted.

The first ground of the motion to dismiss the appeal is that there is no proof of a written notice of appeal having been served upon the clerk of the board, as required by law.   Section 764, div. 5, Comp. St. 1887, requires, in such cases, written notice of the appeal to be served on the county clerk within 30 days after making the decision or allowance by the board.   The bill of exceptions in this case recites that a copy of such notice was served upon the clerk by the sheriff within 30 days after the allowance of the account by the board.   The county clerk thereafter transmitted the proceedings in the case before the board, with the copy of the notice of appeal, to the district court, as required by section 765, div. 5, Comp. St. 1887.   We think the county clerk thereby waived any informality, irregularity, or insufficiency of the service of the notice there may have been.   (Wade on Notice, § 1220, and authorities cited.)

The second ground of the motion for dismissing the appeal is that there is no proof of service of such written notice of appeal on respondent John W. Morse, the real party in interest. He was served with a copy of the notice. Counsel for the respondents contended that Morse, being the real party in interest, was entitled to notice of the appeal, in order to give the district court jurisdiction thereof, and cite *State* v. *Minar*, 13 Mont. 1, as authority in support of this contention. In *State* v. *Minar*, Brown was the real party in interest. This court held that a judgment rendered against him without notice was void, but the court did not hold that it was necessary to give him notice of the appeal in order to give the court jurisdiction thereof. In fact, the opinions in that case are to the. effect that it was not essential that Brown should be served with notice in order to confer jurisdiction of the appeal upon the district court. The court held that to try and determine the merits of Brown's claim without giving him notice and opportunity to be heard in court was illegal, and that a judgment rendered against him upon the merits of his claim, under such circumstances, was null and void. We are of the opinion that it was not necessary to serve Morse with notice of the appeal in order to give the court jurisdiction thereof. But, after acquiring jurisdiction of the appeal, it would be the duty of the court to see that Morse had notice of the pendency of the case, and an opportunity to be heard before trying it or rendering judgment thereon.

Counsel, as a further ground for dismissing the appeal, insist that the appellant could not appeal from part of the allowance or decision of the board. The account allowed is in three distinct items. We think the right to appeal from part thereof is conferred by the statute. A taxpayer who wishes to appeal may not wish to question the legality and justice of part of an allowance by the board, but may have the best of reasons for challenging the legality and justice of other items thereof. In such case there could be no good reason for requiring a taxpayer to appeal from the whole of the allowance or not at all. Such a holding might, in many cases, prevent appeals by tax-

payers from the most unjust and excessive allowances by the board.

We think the recital, in the bill of exceptions, that the county clerk was served with a copy of the notice of appeal by the sheriff within 30 days after the allowance of the account appealed from, and his transmission thereafter of the papers and proceedings before the board to the district court, gave that court jurisdiction of the appeal. We think the clerk of the board sufficiently certified a return of the proceedings of the board in relation to the allowance of the account in controversy.

We think the court erred in dismissing the appeal for want of jurisdiction. The judgment appealed from is therefore reversed, and the cause remanded for trial.

*Reversed.*

DE WITT, J., concurs. HUNT, J., absent.