ALBERS, RESPONDENT, *v.* BARNETT ET AL., APPELLANTS.

(No. 3,708.)

(Submitted September 23, 1916.   Decided November 24, 1916.)

[161 Pac. 518.]

*Counties—Claims—Appeal—District  Court—Parties—Jurisdiction—Judgment—Extent.*

Counties—Claims—Appeal—District Court—Parties.
1.  On appeal from an order of the board of county commissioners allowing or disallowing a claim against the county (Rev. Codes, secs. 2947, 2948), the parties are the county and the claimant, or, in a taxpayer's suit, the county and the objecting taxpayer.

Same—Claims—Appeal—Extent of Jurisdiction of District Court.
2.  The jurisdiction of the district court on appeal from an order made by county commissioners allowing or disallowing a claim against the county is limited to the determination of the question whether the action of the board was correct and to a declaration affirming or reversing it, with a judgment for costs.

Same—Erroneous Judgment.
3.  On appeal by a taxpayer from an order of the county commissioners allowing a claim against the county, the district court adjudged that the claim had been allowed and a warrant issued in payment thereof without authority of law, and that the county was entitled to recover back the amount of the warrant, *held* error under the rule *supra* (par. 2).

*Appeal from District Court, Beaverhead County; Wm. A. Clark, Judge.*

PROCEEDINGS before the Board of Commissioners of Beaverhead County by C. C. Barnett for allowance of a claim for the care of the county poor.  From an order of the board allowing the claim, John G. Albers, as a taxpayer, appealed to the district court.  There was judgment that the claim had been allowed and warrant issued without authority of law, and that the county was entitled to recover from Barnett and his sureties, Leonard Eliel and O. M. Best, the amount specified in the warrant, and from an order denying the motion of the defendants for new trial, they appeal.  Reversed and remanded.

*Messrs. Rodgers & Gilbert,* for Appellants, submitted a brief; *Mr. Henry G. Rodgers* argued the cause orally.

It was the absolute duty of the county to provide for the care and maintenance of the indigent sick or otherwise dependent

poor of the county. (Rev. Codes, secs. 2050 et seq., 2894, 3199. *Seagraves* v. *City of Alton*, 13 Ill. 366.)

When a contract is entered into between a public corporation and a private individual, even though such contract be void for want of authority in the public corporation, to execute the same, yet, if the contract is not immoral, inequitable or unjust, and the contract is performed in whole or in part by one of the parties and the other party receives benefits by reason of such performance over and above any equivalent rendered in return, the party receiving such benefits will be required to place the other party *in statu quo*, by accounting therefor. (*Brown* v. *City of Atchison*, 39 Kan. 37, 7 Am. St. Rep. 515, 17 Pac. 465; *Morse* v. *Board of Commrs. of Granite County*, 19 Mont. 450, 48 Pac. 745; *Moss* v. *Sugar Ridge Tp.* (Ind. App.), 67 N. E. 460; *Shoemaker* v. *Buffalo Steam Roller Co.*, 83 Misc. Rep. 162, 144 N. Y. Supp. 721; *Contra Costa Water Co.* v. *Breed*, 139 Cal. 432, 73 Pac. 189; *Village of Pillager* v. *Hewett*, 98 Minn. 265, 107 N. W. 815; *Livingston* v. *School District*, 11 S. D. 150, 76 N. W. 301.)

The most that can be said is that in letting the contract there was an imperfect or defective attempt to comply with the law, upon the part of the board of county commissioners. The bidder cannot be required at his peril to examine minutely every step taken for technical flaws in the proceedings. Nor does the law make it his duty to do more than to see that the board with whom he is contracting is proceeding within its powers. (*Wentink* v. *Board of Chosen Freeholders*, 66 N. J. L. 65, 48 Atl. 609; *Bigelow* v. *City of Perth Amboy*, 25 N. J. L. 297; *Knapp* v. *City of Hoboken*, 38 N. J. L. 371; *Tappan* v. *Long Branch etc. Imp. Comm.*, 59 N. J. L. 371, 35 Atl. 1070; *Moore* v. *Mayor etc. of New York*, 73 N. Y. 238, 29 Am. Rep. 134.)

Under the circumstances of this case the appellants should not be held remediless. (*Keith* v. *Ctiy of Duquoin*, 89 Ill. App. 36; *Schipper* v. *City of Aurora*, 121 Ind. 154, 6 L. R. A. 318, 22 N. E. 878; *Rogers* v. *City of Omaha*, 76 Neb. 187, 107 N. W. 214; *Lincoln Land Co.* v. *Village of Grant*, 57 Neb. 70, 77 N. W.

349; *Pittsburgh, C. & St. L. R. Co.* v. *Keokuk etc. Bridge Co.,* 131 U. S. 371, 33 L. Ed. 157, 9 Sup. Ct. Rep. 770; *Paul* v. *City of Kenosha,* 22 Wis. 266, 94 Am. Dec. 598; *Chapman* v. *Douglas County,* 107 U. S. 348, 27 L. Ed. 378, 2 Sup. Ct. Rep. 62; *City of Parkersburg* v. *Brown,* 106 U. S. 487, 27 L. Ed. 238, 1 Sup. Ct. Rep. 442; *North River Electric Light etc. Co.* v. *City of New York,* 48 App. Div. 14, 62 N. Y. Supp. 726; *Village of Harvey* v. *Wilson,* 78 Ill. App. 544; *Boyd* v. *Black School Tp.,* 123 Ind. 1, 23 N. E. 862.)

*Messrs. Norris, Hurd & Smith,* for Respondent, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

At the common law no duty devolved upon the county, or a similar political subdivision of the state, for the care of the poor. (*Miller* v. *Somerset,* 14 Mass. 396; *Cooledge* v. *Mahaska County,* 24 Iowa, 211; *Wood* v. *Boone County,* 153 Iowa, 92, Ann. Cas. 1913D, 1070, 39 L. R. A. (n. s.) 168, 133 N. W. 377; *Lander County* v. *Humboldt County,* 21 Neb. 415, 32 Pac. 849; 30 Cyc. 1067.) Counties owe no other duties to the poor and incur no other liabilities for their support than are imposed by the statute, and before a county may be made liable for the care of such dependent poor, the case must fall strictly within the provisions of the statute (*Lebcher* v. *Board of Commrs.,* 9 Mont. 315, 23 Pac. 713), and the liability must have been created pursuant to and in the manner prescribed by the statute. (*Lander County* v. *Humboldt County, supra; Patrick* v. *Baldwin,* 109 Wis. 342, 53 L. R. A. 613, 85 N. W. 274; *Hamlin County* v. *Clark County,* 1 S. D. 131, 45 N. W. 329; *Board of Commrs. of Sweetwater County* v. *Board of Commrs. of Carbon County,* 6 Wyo. 254, 44 Pac. 66; *St. Luke's Hospital Assn.* v. *Grand Forks County,* 8 N. D. 241, 77 N. W. 598; *Board of Commrs.* v. *Phye,* 27 Colo. 107, 59 Pac. 55; *Hamilton County* v. *Meyers,* 23 Neb. 718, 37 N. W. 623; *Washoe County* v. *Eureka County,* 25 Nev. 356, 60 Pac. 376; *Mansfield* v. *Sac County,* 60 Iowa, 11, 14 N. W. 73.)

This contract was not merely defective or imperfect, but was absolutely void.   If a body politic in the nature of a municipal corporation enters into a contract, "that the law does not empower them to enter into, there is no authority for such a contract; nothing for it to stand on, and it falls of its own weight.   It is void."   (*Lebcher* v. *Board of Commrs., supra; Missoula St. R. Co.* v. *City of Missoula,* 47 Mont. 85, 130 Pac. 771.)   If the contract was void, the plaintiff could not recover thereon.   The contract as such amounts to nothing and cannot avail the appellants herein.   (*Lebcher* v. *Board of Commrs., supra; State ex rel. Lambert* v. *Coad,* 23 Mont. 131, 57 Pac. 1092; *Independent Pub. Co.* v. *Lewis and Clark County,* 30 Mont. 83, 75 Pac. 860; *State ex rel. Stuewe* v. *Hindson,* 44 Mont. 429, 120 Pac. 485; *Hersey* v. *Neilson,* 47 Mont. 132, Ann. Cas. 1914C, 963, 131 Pac. 30.)

The board of county commissioners may not allow a reasonable compensation on the basis of an implied promise.   (*Sears* .v. *Galatin County,* 20 Mont. 462, 40 L. R. A. 405, 52 Pac. 204; *Wade* v. *Lewis and Clark County,* 24 Mont. 335, 61 Pac. 879; *State ex rel. Lambert* v. *Coad, Independent Pub. Co.* v. *Lewis and Clarke County, supra.*)   The case of *Missoula St. R. Co.* v. *City of Missoula,* 47 Mont. 85, 130 Pac. 771, seems determinative of this question.

Implied promises requiring a public corporation to restore benefits received by it or to pay compensation therefor have never been created in cases involving anything other than money or other property.   To cases of that character there are many exceptions.   The doctrine has no application to cases where only services are rendered.   The claim in this case is for the reasonable services rendered.   (*Argenti* v. *San Francisco,* 16 Cal. 255; *Hampton* v. *Board of Commrs.,* 4 Idaho, 646, 43 Pac. 324; *Wakefield* v. *Brophy,* 67 Misc. Rep. 298, 122 N. Y. Supp. 632.; *McDonald* v. *Mayor etc. of New York,* 68 N. Y. 23, 23 Am. Rep. 144; *Edison Electric Co.* v. *Pasadena,* 178 Fed. 425, 102 C. C. A. 401.)

That no implied liability arises where the contract, though within the scope of the statute is violative of mandatory pro-

visions thereof, is well settled. (1 Elliott on Contracts, sec. 606; *Fountain* v. *Sacramento,* 1 Cal. App. 461, 82 Pac. 637; *Richardson* v. *Grant County,* 27 Fed. 495; *Peck-Williamson Heating etc. Co.* v. *Steen School Tp.,* 30 Ind. App. 637, 66 N. E. 909; *Harrison County* v. *Ogden,* 133 Iowa, 9, 110 N. W. 32; *Lovejoy* v. *Inhabitants of Foxcroft,* 91 Me. 367, 40 Atl. 141; *Detroit* v. *Michigan Paving Co.,* 36 Mich. 335; *Rumsey Mfg. Co.* v. *Town of Schell City,* 21 Mo. App. 175; *New Jersey Car etc. Co.* v. *Jersey City,* 14 N. J. L. 544, 46 Atl. 649; *Wellston* v. *Morgan,* 65 Ohio St. 219, 62 N. E. 127; *O'Rourke* v. *Philadelphia,* 211 Pa. 79, 60 Atl. 499; *McGillivray* v. *Joint School District,* 112 Wis. 354, 88 Am. St. Rep. 969, 58 L. R. A. 100, 88 N. W. 310.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On December 6, 1910, C. C. Barnett, one of the appellants, submitted to the board of commissioners of Beaverhead county his bid for a contract for the care of the indigent sick, poor and infirm of the county. This was in response to a notice published by an order of the board in pursuance of section 2054 of the Revised Codes, as amended by the Laws of 1909 (Laws 1909, Chap. 29). On December 10 he was awarded a contract. Under its terms he assumed the obligation to care for and support the indigents whose maintenance was chargeable to the county as provided in the statute, except that he did not assume to furnish medical attendance and medical supplies, to pay the salaries of the nurses for the sick or the expense of the necessary laundry work. It was expressly agreed that he was relieved from any obligation in this behalf. The contract covered a term of three years from December 12, 1910. Barnett was to be paid by the county, at the quarterly meetings of the board, eighty cents per day for each person who became a county charge; he was to have the use of the county poor farm, and, as a consideration for its use, was to pay to the county in installments on specified dates, for the first year, $1,900, for the second, $2,000, and for the third, $2,100 or a total of $6,000 for the three

years.   The contract recited with great particularity the obligations mutually assumed by the county and Barnett.   For present purposes, the foregoing general statement of its nature and object will suffice.   Appellants Eliel and Best became the sureties of Barnett for the faithful performance of the contract, and the latter proceeded to execute it on his part, receiving his compensation and paying the rent for the farm as therein provided.   On August 29, 1913, the respondent brought his action in the district court against the board, alleging that the contract was void because the board had failed in several particulars to observe the requirements of the statute in the letting of it, and demanding that the board be enjoined from making further allowance or payment to Barnett for his services under it.   It was alleged that the contract was void because: (1) The notice was not published for the time required by law before the contract was let; (2) because of the exceptions made therein, relieving Barnett from the necessity of furnishing medical attendance, medical supplies, *etc.;* (3) because it fixed the compensation at a rate per day instead of a rate per week, as required by the statute; and (4) because it covered a term not contemplated by the statute.   On application to the court, it issued an injunction pending final decree.   None of the appellants were parties to this action.   The board suffered a default to be entered, and on February 2, 1914, after final hearing, the contract was adjudged void, and the board was peremptorily enjoined from proceeding under it, and specifically from paying any further compensation to Barnett.   On December 1, 1913, Barnett presented to the board a verified account for allowance for the care of indigents during the months of June, July and August, at the rate *per capita* specified in the contract, amounting to $1,518.30.   On March 6, 1914, the board having allowed the account to the amount of $1,430, directed the issuance to Barnett of a warrant for this amount, and this was at once done. Barnett immediately assigned the warrant to Eliel and Best, who thereupon assigned and delivered it to the board for the county in part payment of the rent due from Barnett for use

of the poor farm under the terms of the contract. Thereupon the respondent, as a taxpayer of the county, appealed to the district court from the order of allowance. On June 22, 1914, the controversy was submitted to the court upon an agreed statement of facts, to which the county, represented by the county attorney, the appellants, and the respondent were all parties. It was agreed, among other things, in addition to the foregoing recitals, that the persons cared for and maintained by Barnett were properly charges of the county; that it was the duty of the county to care for and maintain them; that Barnett performed the services rendered to the county in this behalf in good faith, in the belief that the contract was valid and binding upon him as well as the county; that the county received the benefit of his services and the supplies furnished by him in good faith; that the county had paid no consideration for the services and the supplies so furnished; and that the sum allowed by the board was the reasonable value thereof. Upon the facts submitted, the court held that the claim had been allowed and the warrant issued without authority of law, and that the county was entitled to recover from the appellants the amounts specified in the warrant. Judgment was rendered accordingly. The appeal is from an order denying appellants' motion for a new trial.

Whether the Barnett contract was void upon any of the grounds alleged in the action brought by the respondent, and whether Barnett was concluded by the decree therein, are questions which do not arise on this appeal. When the action was brought and a temporary injunction was issued, Barnett abandoned further performance of the contract, assuming, apparently, that he could not lawfully proceed under it. In any event, in presenting this case, counsel for appellants have assumed that the decree in that case was proper and binding upon the county, and also concluded Barnett for all purposes. They assail the integrity of the judgment in this case on several grounds. One of them is that, though the contract was void, yet since under the provisions of the Code on the subject it

was the absolute duty of the county to provide for the care and maintenance of indigents in the county, and Barnett, at the instance of the board, performed services and incurred expense in that behalf, he is entitled to reasonable compensation for his services and to be reimbursed for his expenses. It is also contended that, upon the broad principle of equity and good conscience, the county, having received the benefit of Barnett's services and outlay, ought to reimburse him. It is further contended that, whether Barnett is entitled to be reimbursed by the county or not, the court was without jurisdiction in this proceeding to render judgment against the appellants for the amount of the warrant issued in payment of Barnett's claim.

It may be remarked here that the result of the transaction between the board and the appellants was not a withdrawal of funds from the treasury of the county, but merely a discharge *pro tanto* by the board of the rent assumed to be due the county for Barnett's use of the poor farm up to the time respondent brought his action to annul the contract. From this point of view Barnett had not received money from the county for which recovery could be had upon any theory. Counsel and the court, however, both seem to have assumed that the transaction was the equivalent of a payment to Barnett and to have tried the issue whether or not the payment was legal, the court having plenary jurisdiction for all purposes. However this may have been, and without regard to the merits of the other contentions of counsel, we think the court was wholly without jurisdiction to render the judgment it did.

The proceeding was before the court on appeal from the order [1] of allowance by the board, in pursuance of these provisions of the Revised Codes:

"Sec. 2947. Whenever a claim against a county is disallowed in whole or in part, or when any taxpayer of the county is not satisfied with any allowance made by the board, the claimant or such taxpayer may appeal from the decision of the board to the district court for the county, by causing a written notice of appeal to be served on the clerk of the board, within thirty

days after the making of the decision or allowance, and executing a bond to the county, with surety to be approved by the clerk of the board, conditioned to prosecute such appeal to effect, and to pay all costs that may be adjudged against the appellant.

"Sec. 2948.   The clerk of the board, upon an appeal being taken, must immediately give notice thereof to the county attorney, and must make out a return of the proceedings in the matter before the board, with its decision thereon, and file the same, together with the bond and all the papers therein in his possession, with the clerk of the district court; and such appeal must be entered, tried and determined, the same as appeals from justices' courts, and costs are awarded in like manner."

These provisions contemplate that the parties to the controversy in the district court in such cases are the county and the claimant or the taxpayer.   Clearly, this is so when the claimant is the appellant, for the controversy is between him and the county upon the question of allowance or disallowance, or, in other words, upon the question whether he has a legal claim against the county.   The same situation is presented when a taxpayer is the appellant because there is no provision for notice to the claimant; the only provision on the subject being the requirement that the clerk shall give notice to the county attorney, the representative of the county.   It will be noted, too, . that the appeal bond required of the taxpayer runs, not to the claimant, but to the county, and there is no provision that if the taxpayer is overruled, the claimant may recover his costs against the taxpayer or the county; nor, if the taxpayer is successful in reversing the order, that the county may have judgment against the claimant for its costs.

The scope and meaning of these sections have never been defined by this court, nor has any decision construing them been called to our attention.   They were considered somewhat in *State ex rel. Cope* v. *Minar,* 13 Mont. 1, 31 Pac. 723, but the Justices were not in harmony, except upon the point that the judgment which had been rendered by the district court on appeal by a taxpayer from an order of allowance by the board

of commissioners was void for want of jurisdiction. In a concurring opinion in that case Mr. Justice Harwood expressed the view that when a taxpayer appeals, the real adversary party is the claimant, and that the clear implication is that he must be made a party under the general provision of the statute (Rev. Codes, sec. 6498), authorizing the court, whenever the presence of other parties than those before it is necessary to a complete determination of the controversy in hand, to order them to be brought in. This proceeding, however, is a special statutory proceeding, and in conducting and determining it, the court [2] must look to the statute for its authority. As in cases of appeals from justices' courts, the district court is limited to a determination of only such matters as the justice might have determined (*Duane* v. *Molinak,* 31 Mont. 343, 78 Pac. 588, and cases cited), so here the court is limited in its authority to the determination of only the matter that was before the board of commissioners. The language of the last clause of section 2948 can mean no more than that the court may try *de novo* the question whether the action of the board in its allowance or disallowance was correct, and so declare. The board is not a court, and its action is not tantamount to a judgment. Its refusal to allow a claim is not conclusive even though the claimant does not appeal. (Rev. Codes, sec. 6450a; *Greeley* v. *Cascade County,* 22 Mont. 580, 57 Pac. 274.) So the action of the district court does not terminate in a formal judgment for the amount of the claim, but only in an order affirming or reversing the action of the board. In other words, for the time it sits in place of the board and performs the functions of the board, being authorized to render no judgment other than one for costs. This is apparently the limit of its power. This was the view entertained by Mr. Chief Justice Blake in *State ex rel. Cope* v. *Minar, supra.* We think it clearly correct.

But let it be conceded that the adversary parties are the claimant and the taxpayer, the county being only the pawn-holder, and that the determination of the district court is conclusive upon the question of allowance or disallowance. The

[3]    statute does not authorize the court to grant any other relief. It does not directly or by implication authorize judgment against the claimant for the amount of a claim already paid to him. Since the statute is the limit of the court's power, the judgment in this case cannot be upheld.

The order is therefore reversed, and the district court is directed to grant the appellants a new trial.

*Reversed and remanded.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

