HUNTINGTON, RESPONDENT, *v.* YELLOWSTONE COUNTY,
APPELLANT.

(No. 6,139.)

(Submitted June 7, 1927. Decided July 6, 1927.)

[257 Pac. 1041.]

*Counties — Claims   Against — Disallowance — Appeal — Attorney and Client—Attorney Appointed to Defend Indigent Defendant Charged With Crime—Power of District Court—Liability of County.*

County Commissioners—Appeal from Order Disallowing Claim—Refusal to Set Aside Order of Reversal—Inadvertence and Mistake—Finding That Record of Board was Before Court Implied from Judgment.
1.   Where an appeal from an order of the board of county commissioners disallowing a claim against the county was submitted to the district court without a hearing, resulting in a reversal of the order, the contention of the county attorney made on appeal from the court's order declining to set aside its decision on the ground of inadvertence and mistake based on the assertion that the clerk of the board had failed to lodge with the court a copy of the board's record in the case, *held* not sustained, it being apparent that to arrive at its decision the court must have impliedly found that the proper record was before it.

Same—Claims Against County—Reversal of Order. Disallowing—Notice of Appeal—Waiver by County Attorney's Agreement to Submit Cause Without Hearing.
2.   By denying a county attorney's motion to set aside its decision reversing an order of the board of county commissioners disallowing a claim against the county, asked for on the ground of inadvertence and mistake in that the clerk of the board had failed to give him notice of the appeal as required by section 4611, Revised Codes, the court impliedly found as contended by respondent, that the county attorney had waived notice by agreeing to a submission of the cause without hearing or argument, and in denying the motion it did not abuse the discretion lodged in it by section 9187, Revised Codes 1921.

Same—Appeal from Order Disallowing Claim—Extent of Power of District Court in Rendering Judgment.
3.   On appeal from an order of the board of county commissioners disallowing a claim against the county, the district court under section 6411, Revised Codes 1921, is authorized only to affirm or reverse the order appealed from, and cannot render any judgment other than for costs.

Counties—Attorney and Client—Appointment of Attorney to Defend Indigent Defendant Charged With Crime—Power of Court.
4.   *Held,* that under section 11887, Revised Codes 1921, providing that when an attorney by order of court defends an indigent person charged with crime, the county is liable for the attorney's fee to be fixed by the court not exceeding, in a capital case, the

[80 Mont. 20.]

sum of $100, the court is not limited to the appointment of one attorney but may appoint more if the gravity of the offense warrants it, and if so, each is entitled to compensation.

Same—Appointment of Two Attorneys to Defend Indigent Defendant Accused of Homicide—Both Entitled to Compensation.

5. Where the district court appointed two attorneys, who were law partners, as individuals, to defend an indigent charged with homicide, payment of $100, the maximum allowed by section 11887 above, to one was not payment to both, but each as "an attorney-at-law who defends a person charged with an offense, by order of the court," was entitled to compensation.

[1] Appeal and Error, 4 C. J., sec. 2728, p. 778, n. 75. Counties, 15 C. J., sec. 368, p. 655, n. 61; sec. 369, p. 656, n. 70, 71, 72.
[2] Counties, 15 C. J., sec. 369, p. 657, n. 73.
[3] Counties, 15 C. J., sec. 369, p. 657, n. 85.
[4] Counties, 15 C. J., sec. 270, p. 567, n. 39. Criminal Law, 16 C. J., sec. 2080, p. 822, n. 35, 40.
[5] Attorney and Client, 6 C. J., sec. 300, p. 728, n. 58.

*Appeal from District Court, Yellowstone County; O. F. Goddard, Judge.*

APPEAL to the District Court by Fred G. Huntington from an order of the board of county commissioners of Yellowstone county disallowing a claim against said county. Judgment for claimant and the county appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. L. A. Foot,* Attorney General, and *Mr. John B. Tansil,* County Attorney of Yellowstone County, for Appellant.

*Mr. Fred G. Huntington, pro se.*

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The notice of appeal herein recites that Yellowstone county appeals from an order denying its motion to set aside a judgment against it and in favor of plaintiff, Fred Huntington, and from the judgment entered December 30, 1926.

The record discloses the following facts: On appointment by Honorable O. F. Goddard, Judge of the district court for Yellowstone county, Henry L. Myers and Fred Huntington

defended in that court an indigent person charged with murder; for this service each attorney filed a claim against the county for the sum of $100; the board of county commissioners allowed the Myers claim and disallowed that of Huntington. From the order of disallowance Huntington appealed to the district court by serving written notice of appeal on the clerk of the board and giving the required bond on appeal. The notice of appeal set forth the appointment of Huntington and the nature of the service rendered, the filing of the claim and its disallowance, and thereto was attached a copy of the claim bearing the indorsement of disallowance.

The appeal was perfected December 22, 1926. On December 30, Judge Goddard rendered and caused to be entered an order, in which he recited that on that day Huntington appeared in person and the county appeared by John B. Tansil, county attorney, and submitted the matter to the court for determination; that "being fully advised in the premises," the court finds that the claim is a legal and proper charge against the county and therefore reverses the order of the board. Thereafter the county attorney moved to set aside the "judgment" on the ground that it was entered through inadvertence and mistake and came as a surprise to the defendant. By his own affidavit the county attorney stated that the county had no notice of the hearing; no hearing was had, and no record was before the court on which a judgment could be rendered, and therein assured the court that the county had a meritorious defense in that Myers and Huntington were law partners and payment to Myers was payment to the firm, and, further, that the law authorizes the commissioners to pay but one fee of $100, regardless of the number of attorneys appointed.

In resistance to the motion Huntington filed his own affidavit and a certificate by Honorable Robert C. Stong, also a judge of the district court for the county of Yellowstone, to the effect that, after the appeal was perfected, Huntington

appeared personally and John B. Tansil, county attorney, appeared for the county, and the papers on appeal were handed to the judge by Mr. Tansil, and each of the attorneys signified his willingness to submit the matter to the court without further notice and without argument; that Judge Stong, being in doubt as to whether he should assume jurisdiction, stated that he would consult Judge Goddard; that he later refused to act, and the matter was left for Judge Goddard to handle. No showing was thereafter made by the county attorney on this feature of the controversy. On the showing made, Judge Goddard denied the motion; this appeal followed.

1. Section 4610, Revised Codes of 1921, provides that an [1] appeal may be taken from the action of a board of county commissioners on a claim "by causing a written notice of appeal to be served on the clerk of the board, * * * and executing a bond to the county. * * * " These provisions having been complied with, the district court acquired jurisdiction of the matter; all that remained to be done was to get the record before the court, when the court would be in a position to hear and determine the matter; section 4611, Revised Codes 1921, declares how this shall be done; i. e., the clerk of the board is required to give notice to the county attorney and to make out a return of the proceedings of the board, with its action on the claim, and to file the return and the notice of appeal with the clerk of the district court. Defendant insists that this was not done.

It is true that all copies of papers appearing in the bill of exceptions, including the order of reversal, here denominated the judgment, bear the legend, "Filed February 3, 1927," which, counsel assert, was the time of filing in the office of the clerk of the court, but the record goes no further than the legend quoted above; as the record discloses that the order of reversal was "entered" on December 30, 1926, clearly it was "filed" prior to February 3, 1927, yet it bears no other filing mark. The notice of appeal and the bond

were served upon the clerk for transmission to the clerk of the district court, and he it was who was required to make and file the return of the proceedings (section 4611, above); if he had not complied with the law he could have been compelled to do so by mandamus (sec. 9848, Rev. Codes 1921), and presumably such action would have been taken. It was only by such compliance that the papers presented in court by the county attorney could have been rightfully out of the possession of the clerk, and, upon the meager showing made, we must hold that the implied finding necessary to support the court's order, to-wit, that the papers had been filed with the clerk of the court, was correct.

2. On the contention that the defendant was given no opportunity to present its side of the case, and therefore the order was the result of inadvertence, mistake and surprise, it is true that section 9187, Revised Codes of 1921, authorizes the district court to relieve a party from a judgment or order under such circumstances, but, if, in fact, the county attorney joined with the plaintiff in submitting the matter to the court without further notice and without argument, he waived the county's right to its day in court and the court was justified in disposing of the matter without a hearing; by denying the motion, the court impliedly found that the county attorney did so waive a hearing.

Section 9187 refers the subject of relief to the sound discretion of the trial court (*Kersten* v. *Coleman*, 50 Mont. 82, 144 Pac. 1092), and we cannot say that the court abused its discretion. The order denying the motion must therefore be affirmed.

3. As to the appeal from the judgment, it is apparent from the record that the order entered was valid on its face. It recites the facts showing that the court had jurisdiction and disposes of the matter before the court. The order is here denominated a judgment, but "the action of the district court does not terminate in a formal judgment for the amount of

the claim, but only in an order affirming or reversing the action of the board. In other words, for the time it sits in place of the board and performs the functions of the board, being authorized to render no judgment other than one for costs." (*Albers* v. *Barnett*, 53 Mont. 71, 161 Pac. 521.) In allowing a claim the board, in effect, authorizes, allows, and orders the payment of the amount of the claim, as did the court here in its order, and the order therefore complies with the law; further, it is supported by the only showing made to the court, as there was nothing before the court to show that more than one attorney defended in the criminal case. We might therefore affirm the order without further comment, but in justice to the county attorney, and for the benefit of the profession, we will dispose of the appeal as though all of the facts stated in the county attorney's affidavit on motion to set aside the order were before the court.

4. Section 11887, Revised Codes of 1921, provides that [4] "whenever, in a criminal action or proceeding in the district court, an attorney at law defends a person charged with any offense, by order of the court, on the ground that the accused is unable to procure or employ counsel, the county in which such criminal action or proceeding may have arisen is liable to pay such attorney for his services such sum as the judge certifies to be a reasonable compensation therefor, not to exceed, in any capital case, the sum of one hundred dollars * * * ."

It will be noted that this statute does not, nor does any other statute in this state, expressly or impliedly limit the district court to the appointment of one attorney to defend in a criminal action, nor does the statute limit payment of the amount specified to any and all attorneys who take part in the defense; it merely provides that whenever an attorney defends an indigent person accused of crime his fee shall be paid by the county, up to the amount specified. There is, therefore, nothing in the law to prohibit the district court

from appointing more than one attorney to defend in difficult cases and those of a grave nature, such as the prosecution of a man for murder; the matter is left to the sound judgment of the district judge presiding, and, if the court sees fit to appoint two attorneys to defend, each is entitled to compensation for his services.

An attorney is an officer of the court and subject to the orders of the court; when the court directs such an officer to defend in a criminal case, refusal might subject him to the pains and penalties provided for contempt of court,—at least the courtesy due to the court would dictate that he comply with the direction of the court. Owing to the responsibility attached to, and the grave import of, a capital case, as well as the labor to be performed in defending such a case, the maximum amount allowed an attorney in such cases can hardly be said to be adequate compensation for the services rendered.

If, then, the court deems it necessary to appoint more than one attorney to defend in a difficult case, and each of the attorneys named is legally or morally bound to devote days or even weeks of his valuable time to such a defense, having no control over the number of assistants provided him, justice and fairness to those appointed demands that the court certify a reasonable fee for each attorney appointed, not, of course, exceeding the maximum allowed by the statute. Each district judge will, of course, in the interest of his county and to the end that it be not needlessly charged with additional fees, exercise his sound judgment in the appointment of counsel and appoint more than one attorney only in those cases wherein he deems additional counsel absolutely essential to the proper conduct of the case.

5. Assuming that Myers and Huntington were law partners, still they were appointed as individuals, "Henry L. Myers and Fred Huntington." Had the court here deemed it necessary to appoint but one attorney for the defense, the

judge would not have appointed a firm of attorneys, but would have appointed either the one or the other member of the firm without regard to the partnership, and had such an one, on receiving payment for his services, been called upon to divide with his law partner, such action would be of no concern to either the court or the county, but a matter of private contract; both having been appointed, each was an "attorney-at-law who defends a person charged with an offense, by order of the court," and each was entitled to the compensation allowed by law.

The order denominated a "judgment" and the order denying the motion to set that order aside are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK and GALEN concur.

MR. JUSTICE MYERS, being disqualified, takes no part in the foregoing decision.