## STATE, APPELLANT, *v.* DESLAURIES, RESPONDENT.

[Submitted June 29, 1893.—Decided October 9, 1893.

APPEAL FROM JUSTICE—*Jurisdiction.*—On appeal from justices' courts, both civil and criminal cases are tried in the district court *de novo*, and it is error for the latter court, after rendering judgment in a case so appealed, to grant a motion in arrest of judgment made upon the ground that the justice had no jurisdiction to render the judgment appealed from. (*State* v. *Evans, ante,* page 239; *Missoula Electric Light Co.* v. *Morgan, ante,* page 394, cited.)

*Appeal from Third Judicial District, Deer Lodge County.*

Prosecution for costs. The cause was tried before DURFEE, J., who granted defendant's motion in arrest of judgment. Reversed.

Statement of the case by the justice delivering the opinion.

This is an appeal by the state from the order of the district court arresting judgment rendered for costs against a complaining witness in a prosecution for a misdemeanor. (Crim. Pr. Act, § 394.) The case originally was *State* v. *Slaughter*, for petit larceny, commenced and tried in the justice's court. The jury in the justice's court gave the following verdict: " We, the jury, find for the defendant, and recommend that the costs be taxed to the complaining witness." Judgment was thereupon entered in that court against the complaining witness, Deslauries, for costs. He appealed to the district court. Trial was had before a jury, who found the following verdict: " We, the jury, find there was no probable cause for commencing the prosecution in the above-entitled action, and that such was malicious." The complaining witness, Deslauries, in the district court, moved for arrest of the judgment on the following ground: "Justice court had no jurisdiction to enter judgment against the complaining witness on the verdict of a jury; hence the judgment was void." The ground of the motion in the district court was that the verdict in the justice's court did not find that the prosecution was not without probable cause, or malicious, and that, therefore, the justice's judgment was without jurisdiction. The district court sustained the motion of Deslauries, and ordered that no judgment be entered against him. The state appeals.

*Henri J. Haskell, and Ella L. Knowles,* for the State, Appellant.

*Timothy O'Leary,* for Respondent.

DE WITT, J.—It is our opinion that the district court erred in granting the motion in arrest of judgment. The same point is here presented as was decided in *State* v. *Evans, ante,* page 239, and *Electric Light Co.* v. *Morgan, ante,* page 394.

Respondent here was appellant in the district court. He appealed from the justice's court to the district court. On such appeal the trial in the district court is *de novo,* whether the case is civil (cases supra) or criminal. (Crim. Pr. Act, § 516.) It may be said in this case as in *Electric Light Co.* v. *Morgan:* "There is no provision for the district court, upon such an appeal, to review certain rulings or actions of the justice of the peace in the course of his adjudication and decision of the case, and on the correctness or incorrectness thereof determine the case in the district court."

The judgment of the district court is reversed, and the case remanded, with directions to the district court to enter a judgment on the verdict in the district court for costs against the complaining witness.

*Reversed.*

HARWOOD, J., concurs.

PEMBERTON, C. J., did not participate in the hearing or determination of this case.