BACH, CORY, AND COMPANY, Limited, Respond-
ents, *v.* MONTANA LUMBER AND PRODUCE
COMPANY et al., Appellants.

[Submitted February 15, 1895.—Decided February 18, 1895.]

Replevin—*Pleading—Negative implying an affirmative.*—Where the complaint is
in replevin a denial in the answer in the conjunctive that defendant took
"and" carried away the goods is not a denial that he took the goods, or a
denial that he carried them away, and is bad as implying an affirmative of the
allegation intended to be denied. (*Harris* v. *Shontz,* 1 Mont. 212; *Toombs* v.
*Hornbuckle,* 1 Mont. 286; *Power* v. *Gum,* 6 Mont. 5, cited.)

Same—*Judgment on the pleadings.*—Where the complaint in replevin alleges
the plaintiff's ownership and right to the possession of the goods, and this
allegation is properly denied in the answer in the disjunctive, it is error to
render judgment on the pleadings, though there be other faulty denials in the
answer.

Same—*Right to possession.*—The right to the possession of personal property is
essential in the plaintiff in an action for claim and delivery. (*Laubenheimer*
v. *McDermott,* 5 Mont. 517, cited.)

*Appeal from Third Judicial District, Deer Lodge County.*

Replevin.   Judgment on the pleadings was rendered for
the plaintiff by Woody, J.   Reversed.

*Brazelton & Scharnikow,* and *G. B. Winston,* for Appellants.

*E. D. Weed,* for Respondent.

De Witt, J.—This is an appeal from a judgment rendered
on the pleadings.   The action was in replevin.   Upon com-
plaint and answer filed the plaintiff moved for judgment on
the pleadings upon the following grounds:

"1. That there is no denial in defendant's answer of the
allegations in plaintiff's complaint that the defendant took and
received the lumber in said complaint described.

"2. That defendants' answer admits that the value of the
lumber taken by defendant as alleged in plaintiff's complaint
was $618, and plaintiff should have judgment for such amount
with legal interest thereon from the date of conversion.

"  Elbert D. Weed,

"Atty. for Plaintiff."

This motion was granted.   It is true that there was no denial
in the answer that defendants took and received the lumber

which was the subject of the action. The denial of the defendants is, that they did not take *and* carry away the lumber, etc. The denial is in the conjunctive. A denial that defendants took *and* carried away the goods is not a denial that they took the goods, or a denial that they carried them away. (Boone on Code Pleading, § 61, and cases cited; *Harris* v. *Shontz*, 1 Mont. 212; *Toombs* v. *Hornbuckle*, 1 Mont. 286; *Power* v. *Gum*, 6 Mont. 5.)

But there is a denial in the answer of another material allegation of the complaint, which denial raises an issue. The complaint alleges that on a certain day the plaintiff was the owner and lawfully possessed of the lumber. "The right to the possession of personal property is essential in the plaintiff in an action for claim and delivery." (*Laubenheimer* v. *McDermott*, 5 Mont. 517; see also Cobbey on Replevin, § 784.)

This essential allegation was made, as we have seen, in the complaint. This essential allegation of the complaint was denied in the answer in the following language: "The defendants deny that the plaintiff was, at the time mentioned, or at any other time, the owner or lawfully possessed of any lumber of the description given in the complaint, or of the value named therein, or of any other value, at the mill-yard of Coffey and Brennan, in the county and state aforesaid." Here the denial is in the disjunctive, which is proper. (See cases last cited.)

It is denied that the plaintiff was the owner *or* lawfully possessed of the lumber. This denial raised the material issue as to plaintiff's right of possession. There being an issue raised, judgment on the pleadings was error, and the same is therefore reversed.

*Reversed.*

Pemberton, C. J., and Hunt, J., concur.