[No. 1802. Decided September 16, 1895.]

Thomas N. Patton, *Appellant*, v. John W. Barnett, Sheriff, *Respondent*.

ESTOPPEL—SALE BY ONE PARTNER OF FIRM PROPERTY—ACQUIESCENCE BY CO-PARTNER.

Where a silent partner stands by and permits a *bona fide* purchaser of the partnership property from his co-partner to take possession of the goods, he is estopped from claiming any interest in them; and, in such a case, partnership creditors are not in a position to assert that the sale was merely that of a partnership interest, which would be subject to the firm debts.

*Appeal from Superior Court, Lewis County.*

*Elliot & Forney*, and *Edward F. Hunter*, for appellant.

*Reynolds & Stewart, Millett & Harmon*, and *Cox, Cotton, Teal & Minor*, for respondent.

The opinion of the court was delivered by

Dunbar, J.— In the spring of 1891, one E. Richardson embarked in a commercial business in Chehalis in this state. After transacting business for a few

months, he left, leaving his business in charge of H. W. Richardson as clerk and manager. The business was carried on in the name of E. Richardson. In February, 1893, E. Richardson executed to one W. P. Keenan a power of attorney, under which Keenan took possession of the entire stock of goods, which he afterwards sold to the appellant, and delivered to him the possession of the same. Shortly after possession of these goods was taken by the appellant, the respondent, as sheriff, by virtue of certain writs of attachment sued out by various parties against E. Richardson, took said stock of goods from appellant's possession. After demand for restoration, and refusal thereof, this action was brought. The respondent denied the title and ownership of the appellant, and justified under the writs of attachment against E. Richardson.

During the progress of the trial it was developed that there existed between E. Richardson and H. W. Richardson a contract, which was executed prior to the execution of the power of attorney to Keenan, with reference to the goods, their sale and disposition, and the conduct of the business. It is contended by respondent that this contract constituted a contract of partnership between E. Richardson and H. W. Richardson; that the power of attorney given by the former to Keenan did not authorize the sale of any goods except those belonging to E. Richardson; that under this contract H. W. Richardson was entitled to the sole and exclusive possession of the stock of goods sought to be recovered in this action, for the period of five years terminating January 1, 1898; that as against partnership creditors no sale could be made to appellant Patton with knowledge that the money was to be used to pay E. Richardson's private debts, as opposed.

to the claims of attaching creditors. A motion based upon this contention was made; whereupon plaintiff rested his case, and a non-suit was granted by the court upon such motion.

It appears from the testimony of both the appellant Patton and Keenan, who made the sale under the power of attorney, that they were not aware of this contract that had been entered into between E. Richardson and H. W. Richardson until it was developed in the testimony of the latter during the trial. We have very grave doubts whether the contract relied upon by the respondent would constitute a partnership in these goods. But, be that as it may, the uncontradicted testimony shows that H. W. Richardson was in the possession of these goods at the time they were sold by the attorney Keenan to the appellant Patton; that Keenan told him he was going to sell the goods to Patton, and afterwards told him that he had so sold them; that a portion of the conversation which led up to the trade between Patton and Keenan was carried on in the store presided over by H. W. Richardson; that after the contract of sale was made, Richardson and the appellant talked the matter over while they were invoicing the goods, and discussed the probability of appellant's having made a good trade and the prospect of his conducting a good business; and, while it is not so stated in terms, it plainly appears from the evidence that upon the consummation of the trade H. W. Richardson, without any objections, yielded up the possession of the goods to the purchaser Patton. Certainly the creditors could not be placed in any better position, so far as the appellant is concerned, than H. W. Richardson himself, and he, having consented to this sale and having ratified it after it was executed by delivering the possession of

the goods to the purchaser, would be estopped from now claiming any interest in them.

There is nothing in the testimony to indicate fraud of any kind. Uncontradicted, it plainly appears that Patton was an innocent purchaser in good faith; that if H. W. Richardson had any legal rights in this property he waived them by express acts. It follows, then, that under the testimony the plaintiff was entitled to recover these goods and that the court erred in granting the motion for a default.

The judgment will therefore be reversed and the cause remanded with instructions to the court to overrule the motion for default.

HOYT, C. J., and SCOTT and ANDERS, JJ., concur.

GORDON, J., not sitting.