## FLOYD, Appellant, *v.* JOHNSON, Respondent.

[Submitted January 27, 1896. Decided February 3, 1896.)

JUDGMENT ON PLEADINGS.—If there is an issue framed by the pleadings, judgment on the pleadings is error. (*Horsky* v. *Moran,* 13 Mont. 267; *Bach, Cory & Co.* v. *Montana L. & P Co.,* 15 Mont. 245, cited.)

SAME—*Motion for—Effect of, as demurrer—Rule of Court.*—Where plaintiff and defend‾ant, in a suit on a promissory note, to which an answer was filed pleading new matter constituting a defense, both moved for judgment on the pleadings, which was granted as against the plaintiff, who thereupon and within twenty-four hours after the ruling on the motions, filed a replication denying the affirmative matter in the answer, it was error for the court to render a final judgment against him without allowing the issues to be made up by the filing of the replication, since the plaintiff's motion for judgment, being in effect a demurrer to the answer, was within the spirit and intent of a rule of court allowing a party twenty-four hours in which to answer or reply after demurrer overruled. (*Power* v. *Gum,* 6 Mont. 5, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

ACTION on promissory note. Judgment on the pleadings was rendered for the defendant by SPEER, J. Reversed.

Statement of the case by the justice delivering the opinion.

The plaintiff sued the defendant on a promissory note. Defendant concedes that the complaint was perfectly good. Defendant filed an answer, in which he set up that, after making and delivering the note, the same was materially altered by adding the words, ''and interest at the rate of five per cent. per annum;'' that this alteration was made before the commencement of the action, with the knowledge and consent of the plaintiff, and that neither of the defendants consented to such alteration. There were two defendants in the action originally. One, Eldridge, confessed judgment. The defendant, Johnson, is the only one now concerned in this appeal. Upon the filing of the answer, each party made a motion for judgment on the pleadings. The plaintiff's motion for judgment on the pleadings was denied, for the reason, as stated, that it appeared to the court that the answer set up a defense. The defendant's motion for a judgment on the pleadings was granted. The reason for this action, as given by the

court, was, not because the complaint did not set up a cause of action, but because the plaintiff, by himself moving for judgment on the pleadings, confessed the allegations of the answer to be true, and, being true, and a defense thus stated, judgment should be for the defendant.   On the same day that the court sustained the motion for judgment on the pleadings against the plaintiff, the plaintiff filed a replication to the answer of the defendant.   The replication denied the affirmative matter set up in the answer.

One of the rules of the district court was as follows: "When a motion to correct a pleading, or demurrer to the same, is overruled, the party interposing the same shall answer or reply, or make such other motion as may be allowed by law, within twenty-four hours from the time of such ruling, unless the court extend the time, or the parties agree to such extension.   When such motion to correct the pleadings or demurrer is sustained, and leave granted to amend, such amendment or amended pleading shall be filed within five days, unless the court extend the time, or such extension be agreed to by the parties.   Whenever the day following the day on which a ruling is made is a Sunday or a legal holiday, it shall not be counted, but the time shall begin to run from the morning of the next succeeding day which is not a Sunday or legal holiday."

The court afterwards rendered and entered judgment in favor of the defendant, Johnson.

*W. I. Lippincott* and *F. T. McBride,* for Appellant.

The motion for judgment on the pleadings had the effect of a general demurrer to the answer.   (*Power* v. *Gum,* 6 Mont. 8.)   In the event of plaintiff's motion having been sustained, defendants could not by a motion for judgment on the pleadings have been deprived of their right to *amend* their answer. (*Gallagher* v. *Delaney,* 10 Cal. 410; *Thornton* v. *Borlace,* 12 Cal. 440; *Smith* v. *Yreka Water Co.,* 14 Cal. 202; *Lord* v. *Hopkins,* 30 Cal. 78.)   Under the statute and rule of court

plaintiff's right to reply is absolute. The language of the statute is mandatory. (Endlich on Interpretation of Statutes, §§ 306, 307, 310; *Supervisors*, v. *U. S. ex rel.*, 4 Wall. 435; Code of Civil Procedure, § 94.)

*Oliver M. Hall*, for Respondent.

DE WITT, J.—If there is an issue framed by the pleadings, judgment on the pleadings is error. (*Horsky* v. *Moran*, 13 Mont. 267; *Bach, Cory & Co.* v. *Montana L. & P. Co.*, 15 Mont. 345.) The complaint in this case set up a cause of action. This is conceded. Therefore judgment could not be rendered upon the pleadings for want of sufficient allegations in the complaint. It is conceded that the answer set up a defense. But, even if that were true, judgment on the pleadings could not be rendered, because the defense set up in the answer would frame an issue. That issue must, therefore, be tried. (See cases last cited.) This judgment cannot be sustained at all upon the ordinary principles governing the rendition of judgment on the pleadings. But respondent claims that it must be sustained, for the following reason: Plaintiff had also moved for judgment on the pleadings, and he thereby confessed the truth of the allegations of the answer, and claimed, as he would upon a demurrer, that, although the answer was true, yet the facts there stated did not constitute a defense; and that he, the plaintiff, having thus confessed the truth of the answer, and the court holding that the facts of the answer were a sufficient defense, therefore the defendant's motion for judgment on the pleadings must be sustained. This was the view of the district court.

The situation is somewhat curious. The defendant's motion in itself was not good at all, for the reason that the complaint did set up a cause of action, which cause of action could not be swept away simply by a defense being pleaded in the answer, the parties not having yet reached a point where the facts alleged in the pleadings could be proved by testimony. Therefore defendant's motion was wholly unsustainable. And it

was not attempted to sustain by its own weight or virtue. It was sustained by an extrinsic reason, namely, because the plaintiff had moved for judgment.

Without passing upon this rather unusual condition of affairs, we will leave this branch of the case, having stated it for the purpose of introducing and explaining the following conditions: A motion for a judgment on the pleadings bears a very close resemblance to a demurrer (*Power* v. *Gum,* 6 Mont. 5), and in some respects is simply a demurrer. The plaintiff's motion for a judgment in this case asked for judgment because the answer did not set up facts constituting a defense. The court denied the motion. The rule of the court was, as shown in the statement above, that when a demurrer was overruled, the party, as a matter of right, had 24 hours in which to answer or reply, or make some other motion. The plaintiff replied within 24 hours. We think that the plaintiff's right to reply, and his attempt to do so, were wholly within the spirit and intent of the rule of the court. In any event, we are of opinion that the conditions were sufficiently within the spirit and intent of the rule to make it appear that it was not a wise exercise of discretion by the lower court to render final judgment against the plaintiff without allowing the issues to be made up by the filing of the replication; for, by its action, the court wholly deprived the plaintiff of a trial upon the merits, and so deprived him by what seems to us a strained and unnatural application of the court's rule.

This judgment is therefore reversed, and the case is remanded to the district court, with instructions that the replication be allowed to remain as filed.

*Reversed.*

PEMBERTON, C. J., concurs.