MOORE, Appellant, *v.* MURRAY et al., Defendants; MURRAY, Respondent.

(No. 1,790.)

(Submitted February 11, 1904. Decided February 24, 1904.)

*Pleadings—Denials — Sufficiency—Judgment on Pleadings— Determination of Motion—Entry of Final Judgment.*

1. Judgment on the pleadings cannot be entered where there is an issue framed thereby.
2. Denials which are as specific as the allegations they are intended to meet, and which controvert the spirit and substance of the adverse pleading, are sufficient to raise issues.
3. Although Code of Civil Procedure, Section 741, provides that an appeal cannot be taken from a denial of judgment on the pleadings, and that subsequent proceedings of either party are not prejudiced thereby, it was proper for the court to enter judgment for defendant after overruling plaintiff's motion for judgment on the pleadings, where plaintiff, instead of proceeding to trial upon the merits, announced that he would stand on the motion as made.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

Action by Donald Moore against James A. Murray and others. From a judgment in favor of defendant James A. Murray, plaintiff appeals. Affirmed.

## Statement of the Case.

The plaintiff commenced this action by filing a complaint containing, among others, the following paragraphs:

"(1) That at all the times hereinafter mentioned the defendant James A. Murray was the owner and reputed owner of the property hereinafter described, and that the defendants James

Cummings and T. J. McKenzie were the owners of an interest in said realty together with said Murray, as the plaintiff is informed and believes, and were the owners of certain improvements thereon, made by them and said Murray; and that all funds for the said improvements on said realty were made by said defendants jointly, and with moneys advanced by said Murray to said partnership in said mines for the purpose of developing the same for the benefit and use of all of the said defendants.

"(2) That between the 25th day of July, 1899, and the 17th day of February, 1900, the plaintiff rendered and performed services as miner upon the said premises, the same being under a continuous contract, amounting to 196 days' labor at the rate of $3.50 per day, amounting in all to the sum of $686, said work and labor being performed at the instance and request of the said James Cummings, and for the use and benefit and improvement and development of the said property, and for the use and benefit of the said defendants.

"(3) That said Cummings agreed to pay the plaintiff the sum of $686, and said agreement was made upon the part of said defendants in their capacity of co-owners of said property. Plaintiff further avers that the said sum of $686 was due and owing and entirely unpaid to plaintiff, and is now so due and owing at the date of commencement of this action, and when the lien hereinafter mentioned was filed."

To the complaint is attached a copy of the mechanic's lien referred to in the complaint, which is designated "Exhibit A."

Thereupon the defendant Murray filed an answer containing the following paragraphs:

"Now comes the defendant James A. Murray, and for himself alone, and for his separate answer to the complaint on file herein, denies that the defendants James Cummings and T. J. McKenzie were the owners, or that either of them was the owner of an interest in the realty and mining premises mentioned and described in said complaint, or that they were the owners, or that either of them was the owner, of certain or any improve-

ments thereon, or that all or any funds for any improvements of said realty and mining premises were made by defendants to this action jointly, or with money advanced by this defendant Murray, for the purpose of developing said realty and mining premises for the benefit or use of all of said defendants.

"Denies that plaintiff rendered or performed services as a miner or otherwise upon said premises for the use or benefit of this defendant, or at the request of this defendant.

"Denies that defendant Cummings agreed to pay said plaintiff the sum of $686, or any other sum or amount whatever, upon or by virtue of any agreement made or entered into by or upon the part of this defendant, or in his capacity as co-owner of said property, or that this defendant ever promised or agreed to pay said plaintiff said sum of $686, or any other sum or amount whatever, or in any capacity whatever."

Upon the filing of this answer the plaintiff interposed the following motion: "Comes the plaintiff, and moves the court for a judgment upon the pleadings herein, as against the said defendant Murray, in accordance with the prayer of the plaintiff's complaint, for the reasons that it appears from the record herein that the defendants James Cummings and T. J. McKenzie have made default herein, and thereby have admitted the allegations of the plaintiff's complaint; that the facts and matters stated in the answer of defendant Murray do not constitute a defense or counterclaim to the plaintiff's complaint."

This recitation is found in the bill of exceptions: "Whereupon the said motion for judgment upon the pleadings is by the court heard and considered, and is by the court overruled, to which ruling of the court the plaintiff, by counsel, duly excepted. Thereupon the plaintiff, by his counsel, announced in open court; and immediately upon the overruling of the said motion, that the defendant Murray might have judgment, and that the plaintiff would stand upon the motion as made."

Immediately a judgment was entered against the defendants James Cummings and T. J. McKenzie personally for the sum of $686, with interest thereon, and costs of suit; and it was also

provided that the plaintiff take nothing against the defendant Murray, and also that the defendant Murray recover from the plaintiff his costs. No reference to the lien is found in the judgment. From this judgment the plaintiff has appealed.

*Mr. J. E. Healy,* for Appellant.

*Mr. J. L. Wines,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the statement of the case and the following opinion for the court:

If there is an issue framed by the pleadings, the court was right in refusing to grant plaintiff's motion for judgment thereon. (*Horsky* v. *Moran,* 13 Mont. 250, 34 Pac. 360; *Bach, Cory & Co.* v. *Montana L. & P. Co.,* 15 Mont. 345, 39 Pac. 291; *Floyd* v. *Johnson,* 17 Mont. 469, 43 Pac. 631; *Sklower* v. *Abbott,* 19 Mont. 228, 47 Pac. 901; *Bryant* v. *Davis,* 22 Mont. 534, 57 Pac. 143.)

No question has been raised by counsel as to the sufficiency of the complaint. We think material portions of it are, in effect, denied by the answer, though the latter pleading is subject to criticism.

The first paragraph of the answer is merely a literal denial of a portion of the first paragraph of the complaint, and is insufficient.

In the second paragraph of the complaint it is alleged that the plaintiff performed the work at the instance and request of Cummings, "and for the use and benefit and improvement and development of the said property, and for the use and benefit of the said defendants." The answer "denies that plaintiff rendered or performed services as a miner or otherwise upon said premises for the use or benefit of this defendant, or at the request of this defendant."

The third paragraph of the complaint contains this language: "That said Cummings agreed to pay the plaintiff the sum of $686, and said agreement was made upon the part of said de-

fendants, in their capacity of co-owners of said property." This is met by the answer thus: "Denies that defendant Cummings agreed to pay said plaintiff the sum of $686, or any other sum or amount whatever, upon or by virtue of any agreement made or entered into by or upon part of this defendant, or in his capacity as co-owner of said property."

Denials which are as specific as the allegations they are intended to meet, and which controvert the spirit and substance of the adverse pleading, are sufficient. (*Miles* v. *Edsall*, 7 Mont. 185, 14 Pac. 701.) We think the court was justified in overruling the motion.

Section 741 of the Code of Civil Procedure declares: "If a demurrer, answer, or reply is frivolous, the party prejudiced thereby, upon a previous notice to the adverse party, of not less than five days, may apply to the court or to a judge of the court for judgment thereupon, and judgment may be given accordingly. If the application is denied, an appeal cannot be taken from the determination, and the denial of the application does not prejudice any of the subsequent proceedings of either party. Costs may be awarded in the discretion of the court."

After the court overruled the motion, the plaintiff was at liberty to proceed with his proof. He was in no manner injured by the action of the court. Instead of proceeding to trial upon the merits, he saw fit to say to the court that the defendant Murray might have judgment, and it was entered accordingly. This the court could not have done rightfully in the absence of plaintiff's action in the premises, because, some of the material allegations of the complaint being denied by the answer, an issue remained to be tried. Under the circumstances the court's action was proper.

We are of the opinion that the judgment should be affirmed.

Per Curiam.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied March 31, 1904.