DUANE, Appellant, v. MOLINAK, Respondent.

(No. 1,959.)

(Submitted October 18, 1904. Decided December 1, 1904.)

*Vendor and Purchaser—Statute of Frauds—Action for Price—*
*Police Courts—Appeal—Pleading—Verdict—Judgment.*

1.  Under Code of Civil Procedure, Section 1528, the filing of an amendment to defendant's answer pleading the statute of frauds to an action to recover the price of certain land sold did not require a replication.
2.  The pleadings in the district court on an appeal from a justice or police court are governed by the same rules as pertain to pleadings in such courts.
3.  The district court, sitting to hear appeals from the court of a justice of the peace or police court, must try the case *de novo,* and exercise only the same jurisdiction as was exercised by the court appealed from.
4.  Where, in an action to recover a balance on a contract for the purchase of land, defendant answered, denying the allegations of the complaint, and alleging damages on account of certain misrepresentations as a counterclaim, such answer was not superseded by an amendment subsequently filed by defendant, after an appeal had been taken from the police court to the district court, pleading the statute of frauds as an affirmative defense.
5.  Where an action was brought in the police court to recover a balance due on a sale of land, and defendant answered, denying the allegations of the complaint, and alleging as a counterclaim damages arising from certain misrepresentations of plaintiff, and on appeal from the police court pleaded the statute of frauds by amendment, such pleadings raised issues of fact to be tried in the ordinary manner, and it was therefore error for the court to render judgment for defendant on the pleadings.
6.  Where a verdict as directed by the court and returned was for the defendant for costs, the court had no power to render judgment in favor of defendant for costs, and for damages claimed in an untried counterclaim.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

ACTION by Pat Duane against John Molinak. A judgment was rendered in favor of defendant on appeal from a justice's judgment in favor of plaintiff, and the latter appeals. Reversed.

*Mr. J. H. Tolan,* for Appellant.

*Mr. John W. James,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared for the court the following opinion:

Appeal from a judgment. The complaint was filed in the police court of Anaconda to recover an unpaid balance due upon a contract for purchase and sale of land. Defendant answered, denying the allegations of the complaint, and alleging by way of counterclaim facts in support of damages to the amount of $300 for certain misrepresentations of plaintiff in the contract

of sale. The action was tried, and resulted in a judgment in favor of plaintiff for the amount claimed in his complaint. From this judgment defendant appealed to the district court. After such appeal was perfected, defendant filed an amendment to his answer, pleading as an affirmative defense the statute of frauds. No replication was filed to this amendment, and none was required (Section 1528, Code of Civil Procedure), the pleadings in the district court upon an appeal from a justice or police court being governed by the same rules as to pleadings in these courts.

After the jury was called and sworn to try the case in the district court, the defendant moved for judgment on the pleadings, and that the jury be instructed to render a verdict for defendant for his costs, which motion was by the court granted, and a verdict rendered for defendant for his costs as directed. A judgment was thereupon entered in favor of defendant for his costs *and the sum of $300 damages* as claimed in the counterclaim alleged in his answer in the police court. Plaintiff appeals from this judgment.

A reversal must follow. The district court sitting to hear appeals from a justice's or police court must try the case so appealed *de novo,* and exercise only the same jurisdiction as was exercised by the justice's or police court. (*State ex rel. Grissom* v. *Justice Court of Twp. No. 1,* 31 Mont. —, 78 Pac. 498; *Clark* v. *Great Northern Ry. Co.,* 30 Mont. 458, 76 Pac. 1003; *State ex rel. Shanahan* v. *Lindsay,* 22 Mont. 398, 56 Pac. 827; *State* v. *Deslauries,* 13 Mont. 398, 34 Pac. 490; *Missoula Electric Light Co.* v. *Morgan,* 13 Mont. 394, 34 Pac. 488.)

The record does not disclose that any other issues than those of fact arising on the pleadings were tried in the police court. A further and additional issue of fact was presented to the district court upon the amendment which was filed to the answer of defendant, but the issues joined by the answer filed in the police court remained to be disposed of as they were made up in that court. The original answer was not superseded by the amendment, but still remained, and presented issues of fact to

be determined by the district court. With these issues remaining, the court could neither grant a judgment on the pleadings nor direct a verdict for defendant. (*Horsky* v. *Moran,* 13 Mont. 250, 34 Pac. 360; *Floyd* v. *Johnson,* 17 Mont. 469, 43 Pac. 631; *Bach, Cory & Co.* v. *Mont. L. & P. Co.,* 15 Mont. 345, 39 Pac. 291; *Swinehart* v. *Pocatello Meat & Produce Co.,* (Idaho) 70 Pac. 1054.)

But again, the verdict as directed by the court and returned was for the defendant for his costs. Notwithstanding this verdict, judgment was entered in favor of defendant for his costs and for $300 damages. So we have the anomaly of a verdict for defendant for costs and a judgment for costs and $300 damages.

We advise that the judgment appealed from be reversed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*