THE HON. FRANK B. REYNOLDS,
THE HON. CHARLES H. COOPER,
THE HON. WILLIAM L. HOLLOWAY, } Associate Justices.
THE HON. ALBERT J. GALEN,

---

AIKEN ET AL., RESPONDENTS, *v.* CITY OF GLENDIVE,
ET AL., APPELLANTS.

(No. 4,803.)

(Submitted April 11, 1921. Decided May 6, 1921.)

[197 Pac. 1003.]

*Cities and Towns—Special Improvement Districts—Injunction—Resolution of Intention—Sufficiency.*

Cities and Towns — Special Improvements — Resolution of Intention — Sufficiency.
  1. A resolution of intention to create a special improvement district, the title of which stated that it was a "resolution of intention," *etc.*, the body of which substantially contained the recitals required by statute and advised the taxpayers of the time and place where their objections to its creation would be heard, was sufficient as against the objection that in it the city council had not declared its intention to create it.
Judgment on Pleadings—When Improper.
  2. Where an issue of fact is raised by the allegations of the complaint by denials controverting them, a judgment on the pleadings is improper.

(1)

Cities and Towns—Special Improvements—Irregularities in Procedure.
  3.  Omission of the city council, after it had acquired jurisdiction
  to proceed with the creation of a special improvement, to officially
  designate a newspaper in the city in which notices inviting pro-
  posals for constructing the special improvement contemplated
  should be published, was an irregularity which, in the absence of
  averment of injury because thereof, was insufficient to warrant
  a decree enjoining defendant city from creating the district.

Same—Mistake in Publishing Notice—When Insufficient to Invalidate
  Proceedings.
  4.  Under section 34, Chapter 89, Laws of 1913, any error in
  or departure from the mode of publication of any notice incident
  to the creation of a special improvement district is insufficient to
  invalidate the proceedings, when it appears that the notice was
  actually published for the time required by the Act.

*Appeal from District Court, Dawson County; C. C. Hur-
ley, Judge.*

ACTION by A. E. Aiken and others to enjoin the city of
Glendive and its council from creating a special improvement
district. Judgment for plaintiffs. Defendants appeal. Re-
versed.

*Mr. N. M. Coursolle,* for Appellants, submitted a brief
and argued the cause orally.

No appearance in behalf of Respondents.

MR. JUSTICE COOPER delivered the opinion of the
court.

The plaintiffs instituted this action in the court below to
enjoin the city authorities of the city of Glendive from
creating Special Improvement Paving District No. 1 under
Chapter 89 of the Laws of 1913, as amended by Chapters
142 and 175 of the Laws of 1915.

The points upon which plaintiffs contend the action of the
city council is not well founded are:

1. That in adopting Resolution No. 43A, the initial step
taken by the city council, it did not therein pronounce and
declare its intention to create Special Improvement District
No. 1.

2. It did not, by any resolution, motion or order whatso-
ever, authorize, order or direct the city clerk to inform the

owners of each lot embraced within its boundaries of its passage.

3. That while notice to contractors was published in the "Yellowstone Monitor," a newspaper published in the city of Glendive, that paper was not formally designated by the city council as the official newspaper for the publication thereof.

The latter allegation of the complaint is admitted in the answer. A motion for judgment on the pleadings urged by plaintiffs was sustained by the district court, and judgment entered thereon. This appeal is from the judgment.

It is insisted by the city that there is an intention [1] expressed in the resolution that the city council will thereafter create Special Improvement Paving District No. 1. By reference to the title of the resolution, the *intention* to create the district is plain. The initial words of the title are: "A Resolution of Intention to Create a Special Improvement Paving District," *etc.* It also designates the number of the proposed improvement paving district, describes its boundaries, gives the character of the improvements to be made, the approximate cost, the method of assessment and payment of the cost, and the time and place when the council will hear objections to its final passage. In the body of the resolution are recitals to the effect that it is deemed to the best public interest, convenience and necessity that Special Improvement Paving District No. 1 should be created, followed by an enumeration of the steps the council will follow. July 7, 1920, at 8 P. M., at the city hall is fixed as the time and place for the hearing of any and all protests against the proposed work, or against the extent or creation of the district to be assessed, or both. Section 8 of the resolution expressly invites the taxpayers interested to be present and to make such objection to the proposed action of the city council as they may elect. Thus the suggestion that it is a resolution *creating* rather than one *declaring its intention* to create the proposed improvement district is com-

pletely answered. If the taxpayers are apprised of the proposed action, and are afforded an opportunity to appear and preserve their rights, the statute is satisfied. Only a failure of the city council to pursue the course indispensable to the validity of the proceeding will defeat its jurisdiction. Such is the holding of this court in *Shapard* v. *City of Missoula,* 49 Mont. 269, 141 Pac. 544, where the question raised in a different way was disposed of as follows: "A mere informality in the resolution ought not to render the effort to acquire jurisdiction nugatory, and doubtless would not, if the subsequent proceedings in pursuance of it were in conformity to the statute."

The title of Resolution 45A is as follows: "A Resolution Creating Special Improvement Paving District Number One in Accordance With Resolution Number 43A, Passed on the 17th day of June, A. D. 1919, Being the Resolution of Intention to Create said Special Improvement Paving District Number One." There is then set out the following: "WHEREAS, Resolution number 43A was passed by the Council of the City of Glendive, on the 17th day of June, A. D. 1919, of the intention to create Special Improvement Paving District Number One, for the purpose of paving the streets, therein said streets and avenues being set out in said resolution of intention and said streets and avenues being within a district therein described and due notice having been given of the intention to create such paving district as required by law," *etc.* Then follows a description of the territory included within the district, the character of the improvements to be made, the approximate cost, the method of assessment and payment of the cost. The steps thus taken by the city council constitute substantial compliance with the provisions of the Act requiring notice of intention and action by the city authorities to create the improvement district contemplated.

In *Harvey* v. *Town of Townsend,* 57 Mont. 407, 188 Pac. 897, a similar resolution passed for the same purpose was couched in the following language: "Be it Resolved by the

council of the town of Townsend: Section 1. That a special improvement district to be known and designated as Special Improvement District No. 7 be and the same is hereby created and this shall be deemed a resolution of intention to create," *etc.* As here, the resolution concluded with a paragraph setting the time and place at which objections to the creation of the district could be made by the taxpayers and heard by the board. Of this, it was said: "We think this record discloses a substantial compliance with the provisions of the statute in so far as the resolution of intention is concerned (*Allen* v. *City of Butte*, 55 Mont. 205, 175 Pac. 595), and distinguishes this case from *Cooper* v. *City of Bozeman*, 54 Mont. 277, 169 Pac. 801." When the intention of the city council is made manifest by the language of the resolution itself, and the requirements of the law affecting the substantial rights of the interested property-holders embraced therein are recognized and respected, they have no cause to complain of a technical departure from the statute in form merely. In the present case the resolution advised the taxpayers of its intention to create the improvement district, notified them of the time and place of the hearing, and of the further fact that their protests would then and there be heard and determined. More they could not reasonably claim.

The complaint alleges that the notice was published in the [2] "Yellowstone Monitor," and by the city clerk mailed to the record owners of each lot included in the special improvement district, addressed to the last known address of each owner; but that neither the publication nor the mailing was authorized by any resolution, motion or order of the city council. These allegations are met by a general denial; and also an affirmative allegation that on June 17, 1919, the city council of the city of Glendive instructed the city clerk to give notice of the passage of the resolution of intention "in accordance with the law." In this state of the pleadings, therefore, an issue of fact is presented as to whether the allegations of the complaint in that respect are true or not. The denials and affirmative allegations of the answer are spe-

cific, and controvert the allegations of the complaint they were intended to meet. (*Moore* v. *Murray,* 30 Mont. 13, 75 Pac. 515.)

In the last attack upon the proceedings no complaint is [3] made because the notice to contractors does not contain information sufficient to advise them of the character and extent of the improvements contemplated to enable them to act intelligently in submitting bids thereon. The charge merely is that the city council never officially designated any newspaper of the city of Glendive as the paper in which notices inviting proposals for the paving of the district should be published. A reference to the notice published, however, convinces us that it is sufficient in all respects to meet the requirements of the statute in that regard; and that no damage could result to the plaintiffs or taxpayers within the district by reason of the failure of the city council to observe the mere letter of the statute. The omission of the council in that particular occurred after it had acquired jurisdiction, and was therefore an irregularity—an oversight which it could, and doubtless would, correct, if in its judgment the best interests of the district and the substantial rights of the taxpayers affected required it to do so. Furthermore, it was [4] a misprision the legislature anticipated in section 34 of Chapter 89 of the Laws of 1913, when it enjoined upon the city clerk the duty of publishing and posting notices, resolutions and orders the city council might overlook, the effect of which would be to preserve the integrity of the notice, when actually published and posted for the time the Act requires. In the absence of an averment of injury to plaintiffs and others similarly situated by reason thereof, none can be presumed.

The judgment of the district court is reversed, with directions to reinstate the action and to proceed according to the views herein expressed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur.