EQUITY CO-OPERATIVE ASSOCIATION OF ROY, MONTANA, EQUITY CO-OPERATIVE ASSOCIATION OF TWO DOT, MONTANA, EQUITY CO-OPERATIVE ASSOCIATION OF HAYNESFORD, MONTANA, DUTTON CO-OPERATIVE ASSOCIATION OF DUTTON, MONTANA, RESPONDENTS, *v.* EQUITY CO-OPERATIVE MILLING COMPANY OF MONTANA, APPELLANT, EQUITY CO-OPERATIVE ASSOCIATION OF BELT, MONTANA, and EQUITY CO-OPERATIVE ASSOCIATION OF HOBSON, MONTANA, INTERVENERS.

(Nos. 4,701–4,704.)

(Submitted March 16, 1922. Decided April 3, 1922.)

[206 Pac. 349.]

*Promissory Notes—Cancellation—Corporations—Subscriptions to Stock — Fraud — Failure of Consideration — Judgment on Pleadings—Intervention—Appeal and Error.*

Judgment on Pleadings—When Reversible Error.
  1. If the pleadings present any issue of fact, it is reversible error to order judgment on the pleadings.

Same—When Improper.

 2. Entry of judgment on the pleadings cannot be sustained unless under the admitted facts the moving party is entitled to judgment without regard to what the findings might be on the facts upon which issue is joined.

Same—Motion in Nature of Demurrer.

 3. A motion for judgment on the pleadings is in the nature of a demurrer for the reason that it attacks their sufficiency and judgment should not be entered unless they are clearly bad, nor if there is reasonable doubt as to their sufficiency.

Same—Answer—Counterclaim—Sufficiency.

 4. Where the answer states facts sufficient to constitute a counterclaim, a judgment on the pleadings in plaintiff's favor is unwarranted.

Promissory Notes — Cancellation — Defenses — Judgment on Pleadings — When Improper.

 5. In an action to cancel promissory notes given for subscription of corporate stock, on the ground of fraud and failure of consideration both of which were specifically denied, the answer in addition setting up a counterclaim, rendition of judgment on the pleadings in favor of plaintiff was error.

Corporations—Stock Subscriptions—Failure of Consideration—When Defense not Available.

 6. Where a corporation is in existence at the time a subscription to its stock is made and accepts the same, and a certificate for the number subscribed is issued, the question of failure of consideration is foreclosed.

Fraud—Definition.

 7. A misrepresentation of a fact known to the party making it to be untrue, as to a present or future condition, upon which another acts to his damage or prejudice, amounts to a fraud in law where the misrepresentation is naturally calculated or expressly intended to induce the other to act thereon.

Promissory Notes—Corporations—Stock Subscriptions—Fraud—Rescission.

 8. If false representations were held out to plaintiff as an inducement for the execution of notes in payment of a subscription for corporate stock upon which it acted, the obligation becomes a nullity, and the subscriber may rescind.

Appeal and Error — Complaint in Intervention — Filing — Refusal — Non-appealable Order.

 9. An appeal from an order denying a motion for leave to file a complaint in intervention does not lie, section 9731, Revised Codes of 1921, not authorizing it.

Intervention—When Refusal of Permission to File Complaint Error.

 10. Refusal to permit a party to intervene is error where such party makes a *prima facie* showing of interest in the subject matter of the litigation.  (Rev. Codes 1921, sec. 9088.)

*Appeals from District Court, Fergus County; Roy E. Ayers, Judge.*

---

 8. Right to rescission of stock subscription for fraud and manner of relief, see note in 33 L. R. A. 721.

SEPARATE ACTIONS by the Equity Co-operative Association of Roy, the Equity Co-operative Association of Two Dot, the Equity Co-operative Association of Haynesford, and the Dutton Co-operative Association of Dutton against the Equity Co-operative Milling Company of Montana, in which the Equity Co-operative Association of Belt and of Hobson, Montana, petitioned for leave to intervene. Judgments for the plaintiff in each case on the pleadings, and leave to intervene denied. Defendant and interveners appeal. Reversed.

*Mr. Charles J. Marshall* and *Messrs. Madeen & Russell* submitted a brief in behalf of Appellant Equity Co-operative Milling Company and one in behalf of Interveners.

The answer denies the material allegations of the complaint and issues are framed by the pleadings that precluded the court from giving judgment on the pleadings. If there is any issue framed by the pleadings, judgment on the pleadings was error. (*Cobban Realty Co.* v. *Donlan,* 51 Mont. 58, 149 Pac. 484; *First Nat. Bank* v. *Silver,* 45 Mont. 231, 122 Pac. 584; *Moore* v. *Murray,* 30 Mont. 13, 75 Pac. 515; *Bryant* v. *Davis,* 22 Mont. 534, 57 Pac. 143; *Bach, Cory & Co.* v. *Montana Lumber & P. Co.,* 15 Mont. 345, 39 Pac. 291; *Horsky* v. *Moran,* 13 Mont. 250, 34 Pac. 360.) A party moving for judgment on the pleadings for the purposes of his motion admits not only the truth of the allegations in the answer, but he must also admit that his own allegations which the adverse party has denied are untrue. (*Walling* v. *Brown,* 72 Pac. 960; *Fishburne* v. *Merchants' Bank,* 42 Wash. 473, 7 Ann. Cas. 848, 85 Pac. 48.) On motion for judgment on the pleadings the allegations of the answer will be liberally construed. (*Roebuck* v. *Wick,* 98 Minn. 130, 107 N. W. 1054; *Butts* v. *Kingman,* 60 Neb. 224, 82 N. W. 854.) If the answer states facts sufficient to constitute a counterclaim, judgment cannot be granted to plaintiff on the pleadings. (*First Nat. Bank of Butte* v. *Silver,* 45 Mont. 231, 122 Pac. 584.) Denials which are as specific as the allegations they are intended to

meet and which controvert the spirit and substance of the adverse pleading are sufficient.   (*Moore* v. *Murray, supra; Miles* v. *Edsall,* 7 Mont. 185, 14 Pac. 701.)   Where there are distinct denials of facts material to plaintiff's recovery plaintiff is not entitled to have such denials treated as nullity so as to obtain judgment on the pleadings.   (*Bryant* v. *Davis, Bach, Cory & Co.* v. *Montana Lumber & P. Co., supra.*)   In the case last cited it was held that though some of the denials of the answer were bad as conjunctive if other parts of the answer deny facts material to plaintiff's cause of action, it was error to enter judgment for plaintiff on the pleadings.

In view of these provisions of section 6496, Revised Codes of 1907, it is difficult indeed to understand upon what theory the trial court denied the application for leave to intervene. (See *State* v. *District Court,* 51 Mont. 220, 152 Pac. 32.) It is certain that the interveners, one of whom is a stockholder, whose subscription was paid in cash, the other of whom is a creditor whose claim is unpaid, have an interest in the matter in litigation and in the success of defendant in resisting the cancellation of the subscription note of plaintiff.   It is equally certain that the rights and liabilities of stockholders of an insolvent corporation ought not, if they could, be determined without the presence of all stockholders liable to contribution or entitled to contribution from the others.   Subscribers to the capital stock of a corporation are liable for debts incurred in the process of organization or in preparing to do business, whether the capital has all been subscribed or not.   (*Myers* v. *Sturgis,* 123 App. Div. 470, 108 N. Y. Supp. 528, 197 N. Y. 526, 90 N. E. 1162.)   Unpaid stock subscriptions constitute a trust fund for the creditors. (*Chamberlain* v. *Piercy,* 82 Wash. 157, 143 Pac. 979; *Miller* v. *Hawkeye Gold Dredging Co.,* 156 Iowa, 557, 137 N. W. 507; *Bernard* v. *Carr,* 167 N. C. 481, 83 S. E. 816.)   A court of equity is the appropriate forum to enforce the right of a stockholder who has paid his subscription against one who has not paid, where the corporation has ceased to perform its func-

tions. (*Bank of Des Arc* v. *Moody,* 110 Ark. 39, 161 S. W. 134.) The right of stockholders who have paid a corporate debt to contribution from other stockholders rests on principles of equity. (*Buchanan* v. *Meisser,* 105 Ill. 638; *Hinshaw* v. *Austin,* 64 Kan. 460, 67 Pac. 882; *Siegel* v. *Fish,* 129 Ill. App. 319; *Allen* v. *Fairbanks,* 45 Fed. 445.) Where a stockholder is compelled to pay more than his share of the debt arising from unpaid stock subscriptions, he may have contribution from the remaining stockholders. (*Mountain Lake Land Co.* v. *Blair,* 109 Va. 147, 63 S. E. 751; *Richter* v. *Henningsan,* 110 Cal. 530, 42 Pac. 1077; *Wincock* v. *Turpin,* 96 Ill. 135; *Buchanan* v. *Meisser,* 105 Ill. 638; *Cary* v. *Holmes,* 82 Mass. (16 Gray) 127; *Aspinwall* v. *Torrance,* 1 Lans. (N. Y.) 381; *Van Pelt* v. *Gardner,* 54 Neb. 701, 75 N. W. 874.) Where an action against a stockholder on his subscription is prosecuted for the benefit of the creditors, it is immaterial that the corporation abandoned its business before or after the commencement of the action. (*Phoenix Warehousing Co.* v. *Badger,* 67 N. Y. 294.) Abandonment of the purposes and business of a corporation is no defense to stockholders' liability on stock subscriptions. (14 Corpus Juris, 1135–1137.)

No appearance in behalf of Respondents.

MR. JUSTICE GALEN delivered the opinion of the court.

These four appeals, though having different parties plaintiff in each, all are against the Equity Co-operative Milling Company of Montana, as defendant, and in each the Equity Co-operative Association of Belt, Montana, and the Equity Co-operative Association of Hobson, Montana, appear seeking to intervene. They all arose in the district court of Fergus county, involve the same questions, and are dependent upon the same considerations. Counsel in all of these cases for the several adverse parties plaintiff, defendant and interveners are identical; and by stipulation filed in this court the decision in the first cause named, *Equity Co-operative Association of Roy, Montana* v. *Equity Co-operative Milling Company,* No. 4701,

is to be considered as determinative of the other three. Accordingly we shall direct attention to the single record.

It appears that the defendant, Equity Co-operative Milling Company, was organized in 1917 under the laws of Montana, for the purpose of constructing and operating flour-mills, with an authorized capitalization of $1,000,000, divided into ten classes of capital stock, the par value varying with each class of stock, the lowest or tenth class being $100 per share, the highest, or first class, being $5,000 per share. Of its capital stock, there were during the months of May and June, 1917, sold seven first-class certificates, of the par value of $5,000 each, and twelve tenth-class certificates, of the par value of $100 each, making a total sale of its capital stock to the amount of $36,200. The plaintiff Equity Co-operative Association of Roy, a Montana corporation, purchased one first-class certificate on or about the fifth day of May, 1917, and gave its two promissory notes therefor, one for the sum of $1,000 due on demand, and one for the sum of $4,000, due November 5, 1917. By this action the cancellation of these notes is sought on the grounds of misrepresentation and want of consideration, alleging that their execution was induced by fraud and misrepresentation. The defendant by answer admitted the purchase of the stock and the giving of the notes therefor; that the same have not been paid; that the defendant corporation has failed of its purposes and objects; and that suit for the appointment of a receiver to wind up its business has been brought, as alleged. Otherwise the material allegations of the complaint are denied. In further defense, and by way of counterclaim, the defendant alleges the making and delivery of the notes, the subscription, the delivery and receipt of the stock certificates, demand for payment made; that defendant has incurred expenses in the sum of $6,100 in the promotion and organization of the defendant corporation, with the consent and approval of the plaintiff, of which it still owes $800; that its objects and purposes have failed in part because of the refusal of the plaintiff and other stockholders to pay

for their stock; that it is necessary to wind up the affairs of the defendant company; that plaintiff refuses to pay its proportionate share of organization and promotion expenses. Defendant then prays that the plaintiff be required to pay its proportionate share of the corporate expense; that a receiver be appointed; that the defendant's affairs be wound up; and that, when its debts have all been paid and its assets distributed, it be dissolved. After the filing of defendant's answer, and before reply was due, plaintiff moved for judgment on the pleadings, and, pending hearing on this motion, leave to intervene was asked by the Equity Co-operative Association of Belt, Montana, and the Equity Co-operative Association of Hobson, Montana, the former having paid its stock subscription of $5,000 in cash, and the latter being a creditor of the defendant corporation. Leave to file the complaint in intervention was denied, the motion for judgment on the pleadings granted, and judgment entered for the plaintiff. The defendant appeals from the judgment, and the interveners have attempted to appeal from the order denying them leave to intervene.

There is but one question necessary to be considered determinative of this case, *viz.:* Did the court err in granting judgment on the pleadings?

It is well settled in this state that, if there is presented by [1–5]   the pleadings any issue of fact, it constitutes reversible error to order judgment on the pleadings. (*Horsky* v. *Moran,* 13 Mont. 250, 34 Pac. 360; *Bach, Cory & Co.* v. *Montana L. & P. Co.,* 15 Mont. 345, 39 Pac. 291; *Bryant* v. *Davis,* 22 Mont. 534, 57 Pac. 143; *Moore* v. *Murray,* 30 Mont. 13, 75 Pac. 515; *Cobban Realty Co.* v. *Donlan,* 51 Mont. 58, 149 Pac. 484.)

Entry of judgment on the pleadings cannot be sustained unless under the admitted facts the moving party is entitled to judgment without regard to what the findings might be on the facts upon which issue is joined. (15 R. C. L. 574.)   "A motion for judgment on the pleadings is in the nature of a demurrer. It is in substance a motion and demurrer. It is a

demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an order for judgment. * * * The pleading must be clearly bad in order to justify judgment in favor of the other party, and, if there is reasonable doubt as to its sufficiency, judgment on the pleadings will not be rendered." (31 Cyc. 606, 607.) This rule has been heretofore applied by this court. (*Daily* v. *Marshall,* 47 Mont. 377, 133 Pac. 681.)

A motion for judgment on the pleadings bears a very close resemblance to a demurrer. (*Power* v. *Gum,* 6 Mont. 5, 9 Pac. 575.) In some respects it is in effect a demurrer. (*Floyd* v. *Johnson,* 17 Mont. 469, 43 Pac. 631.) And where the answer states facts sufficient to constitute a counterclaim, judgment on the pleadings in plaintiff's favor is wholly unwarranted. (*First Nat. Bank* v. *Silver,* 45 Mont. 231, 122 Pac. 584.) Denials of fact material to plaintiff's recovery may not be treated as a nullity and judgment on the pleadings entered. (*Bryant* v. *Davis, supra; Bach, Cory & Co.* v. *Mont. L. & P. Co., supra.*) The basis of plaintiff's action, as shown by the allegations of the complaint, is misrepresentation and failure of consideration, both of which are specifically denied by the answer, and by way of counterclaim the execution and delivery of the stock subscription notes in question are alleged, and that they remain wholly unpaid, although frequent demands for payment have been made. Decree is prayed requiring the plaintiff to pay its just proportion of the organization and the promotion expenses incurred on account of its stock subscription and promissory notes given therefor.

*Prima facie* the plaintiff was indebted to the defendant for the full amount of its promissory notes. In consequence of the issues raised by the answer, it was incumbent upon the plaintiff to assume the burden of proof in avoidance of its written contract. The allegations of paragraph VII of the complaint, put in issue by the answer, are as follows: "That at the time of the execution of the agreement to purchase and the said notes for $1,000 and $4,000 it was promised, agreed,

guaranteed and warranted that the said defendant corporation would immediately proceed to secure a site and begin construction and have completed a flour-mill adequate for state purposes within one year from the date of said notes and in the event of its failure, neglect or refusal so to do it would return the same notes to the plaintiff, all of which said promises, agreements, guaranties and warranties were made by the proper duly elected and qualified officers of said defendant corporation, and for and in its behalf."

And paragraphs VIII, XV, XVI and XIX of the complaint specifically denied by the answer, read as follows:

"VIII.    That, defendant having made the promises, agreements, guaranties and warranties as alleged in paragraph VII hereof at the time mentioned, it was understood and agreed by both parties hereto that these promises, agreements, guaranties and warranties and their fulfillment was the prime inducement and consideration for the purchase of the certificates of stock by the plaintiff and the execution of its notes therefor, and the plaintiff relied upon same and upon the good faith and integrity of said defendant corporation to carry out and fulfill the same."

"XV.    Plaintiff further says that it relied solely upon the representations, promises, and guaranties of the defendant corporation as an inducement to purchase one first-class certificate and execute its notes for $5,000 as aforesaid, and was misled thereby without any fault on the part of the plaintiff, and that all of the considerations therefor have wholly failed, and the plaintiff has not received any benefits or profits, directly or indirectly, since the organization of the defendant corporation to the present time.

"XVI.    Plaintiff further alleges that at no time has it acknowledged itself bound by said notes, although a certificate of stock was received, because it was understood between the parties to this action that such note would not be enforced, but would be returned if the objects and purposes of the

said defendant corporation failed or were abandoned; and plaintiff has at all times refused to participate in the affairs of defendant corporation because of its failure and abandonment of its objects and purposes."

"XIX. That the said defendant corporation had a capital stock of $1,000,000, as provided in its articles of incorporation, divided into the different classes of certificates as hereinbefore mentioned, and the said defendant corporation by its duly authorized officers and agents promised, represented, and guaranteed that at least a sum of $500,000 or more would be described [subscribed] and sold before the plaintiff would be bound by its subscription and notes, and in addition thereto that the construction of the mill and its completion would be consummated within one year from the date of said notes; that defendant corporation sold not to exceed $36,200 worth of stock only, and collected about $5,300, and thereafter wholly abandoned the concern, business, objects, and purposes of the corporation."

"When a corporation has been fully organized and is in existence, it is a party capable of contracting, within the powers conferred upon it by its charter, just as any other person may contract, and contracts of subscription to its capital stock, or contracts for the sale and purchase of shares, are formed precisely like any other contracts by an offer in some form on the part of the corporation and acceptance by the subscriber or purchaser, or *vice versa,* resulting in mutual assent." (14 C. J. 512.) No room is left for speculation on the question of consideration where the corporation is in existence at the time when a subscription to its stock is made and accepts the same, and the question of failure of consideration is foreclosed where the corporation has actually issued to the subscriber a certificate for the number of shares by it subscribed, as in the case before us. (14 C. J. 528.)

"The validity of the subscription agreement depends upon considerations regarding the contracting parties, the form of

the contract, and the manner of its execution, the fulfillment or breach of conditions express or implied, and the absence of fraud and misrepresentations. A stock subscription contract is presumed in the first instance to be valid and binding upon all parties concerned, and must stand as made and operate as intended until impeached by appropriate pleading and proof." (7 R. C. L. 228.)

The misrepresentation of a fact, known to the party making [7, 8] it to be untrue as to a present or future condition, upon which a person acts to his damage or prejudice, amounts to a fraud in law, where the misrepresentation is naturally calculated or expressly intended to induce one to act thereon. If false or fraudulent representations were held out to the plaintiff as an inducement for the execution of the notes in suit, upon which it acted, and in consequence of which it was imposed upon, or on account of which the notes were executed and delivered, the obligation becomes a nullity. (*Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601; 3 R. C. L. 1105.)

A party to a contract may rescind it if consent thereto by the party rescinding was obtained through fraud. (Sec. 7565, Rev. Codes 1921.) Deceit warranting rescission of a contract is defined as follows:

"1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

"2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

"3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,

"4. A promise, made without any intention of performing it." (Sec. 7575, Rev. Codes 1921.)

And the same rule is applicable to promissory notes. (Sec. 8526, Rev. Codes, 1921.)

Conceding that the representations made as an inducement for the execution of the notes were true, they appear to have not been fulfilled, and, in such event, would amount to a breach of the alleged contract.

From the evidence which may be submitted in support of the issues made by the pleadings, it may be that the doctrine laid down by this court in *Enterprise Metal Works* v. *Schendel.* 55 Mont. 42, 173 Pac. 1059, is applicable; but it cannot be determined from the record before us. That case recognizes the general rule of implied condition that the subscriber is not liable on a subscription to the capital stock of a corporation until the whole amount of authorized capital has been subscribed (7 R. C. L. 231, 232), and also the liability of subscribers to the capital stock of a corporation to pay the expenses incurred in organization and promotion.

We express no opinion on the subject of the several classes of capital stock which appears to have been provided for in the defendant's articles of incorporation, as no question is raised in this respect. However, in view of the recital of facts, we feel mention of the subject should be made so as to avoid possible inference that such character of organization is sanctioned under our laws.

The attempted appeal of the interveners is not authorized by statute (sec. 9731, Rev. Codes 1921), being predicated on the [9] order denying motion for leave to file complaint in intervention. Consequently the interveners' case is not before us for review, save as it is necessary to consider it in conjunction with the defendant's appeal.

In passing, however, it appears to us that the trial court [10] was in error in not allowing the filing of the complaint in intervention. The statute is plain (sec. 9088, Rev. Codes 1921), and, as the interveners made *prima facie* showing of interest in the subject of the litigation, they should have been allowed to intervene. (*Moreland* v. *Monarch Min. Co.,* 55 Mont. 419, 178 Pac. 175.)

The cause is reversed and remanded, with directions to set aside the judgment and to proceed to trial on the issues presented, or such as may be presented by plaintiff's reply.

*Reversed and remanded, with directions.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and HOLLOWAY and HONORABLE H. H. EWING, District Judge, sitting in place of JUSTICE REYNOLDS, disqualified, concur.