W. F. JOHNSON AND ROBERT JOHNSON, VICTOR JOHN-
SON AND BEATRICE JOHNSON, HUSBAND AND WIFE,
WAYNE GRAYBEAL AND STELLA GRAYBEAL, HUS-
BAND AND WIFE, JOHN A. CONN, FRANCIS WIGHT AND
ALICE WIGHT, HUSBAND AND WIFE, LESTER DYER AND
FORREST DYER, E. A. DeWITT, HOWARD ANDERSON
AND EVELINA ANDERSON, HUSBAND AND WIFE, LINDA
M. ANDERSON, CARL NELSON, JOHN R. ENMAN AND
ANNIE ENMAN, HUSBAND AND WIFE, JESSE HENDER-
SON, BROGAN RANCH COMPANY, A MONTANA CORPO-
RATION, FLOSSIE M. JOHNSON, C. H. WALTER AND
BERTHA L. WALTER, HUSBAND AND WIFE, PLAINTIFFS
AND RESPONDENTS, v. THE STATE WATER CONSERVA-
TION BOARD, DEFENDANT AND APPELLANT.

No. 10324.
Submitted May 14, 1962. Decided September 5, 1962.
374 P.2d 325.

604

Forrest H. Anderson, Atty. Gen., Clarence E. Wohl and Louis Forsell, Helena (argued orally), for appellant.

Keeley, McElwain & Ryan, Joseph A. McElwain, Deer Lodge (argued orally), for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of Granite County entered following the granting of plaintiffs' motion for judgment upon the pleadings.

The plaintiffs are the owners of certain decreed and adjudicated water rights out of the natural flow of Flint Creek; the defendant is The State Water Conservation Board.

The only record before us consists of the pleadings so we

must examine the material allegations to determine whether or not the district court erred by granting plaintiffs' motion for judgment thereon.

Plaintiffs alleged that they farm and ranch in the Flint Creek Valley and own certain decreed and adjudicated water rights out of the natural flow of Flint Creek in Granite County; that the defendant owns a water reservoir formed by a dam located on the East Fork of Rock Creek also in Granite County; that defendant uses the natural channel of Flint Creek to convey water to its purchasers by diverting the water out of Flint Creek at various points along its natural course; that a water shortage existed in the Flint Creek valley during the irrigation season of 1957, consequently, pursuant to the applicable code provisions, the district court appointed a Water Commissioner to distribute waters in and of Flint Creek to the owners thereof; that Allendale Ditch, owned by the defendant, flows out of Flint Creek; that the Water Commissioner, in checking various headgates conveying water out of Flint Creek, found the headgate to the Allendale Ditch locked; that the defendant, after demand, refused to unlock the headgate, thereby rendering it impossible for the Commissioner to measure the waters flowing from Flint Creek to the Allendale Ditch, and therefore it was impossible for the Commissioner to distribute the decreed waters to the plaintiffs.

The plaintiffs prayed the court: (1) to declare the respective rights of the plaintiffs and defendant in the controversy; (2) to decree that the defendant is without lawful authority to lock any headgates on Flint Creek or in any way interfere with the distribution of the waters of Flint Creek; and, (3) to decree that the defendant, under section 89-1001, R.C.M. 1947, is required to allow a duly appointed Water Commissioner to measure and distribute any water conveyed through the natural channel of Flint Creek.

Defendant's demurrer to the complaint was overruled, and in its amended answer defendant admitted many of the fore-

going allegations, but denied: (1) that locking the headgate or headgates in question makes it impossible for the Commissioner to measure the waters flowing from Flint Creek into the Allendale Ditch; (2) that the Commissioner has any authority to distribute water belonging to the defendant; and, (3) that locking the headgate or headgates in question makes it impossible for the Commissioner to distribute the decreed and appropriated waters.

In its further answer and defense defendant set forth the nature and extent of its Flint Creek Irrigation project; that the rights to use water from Flint Creek were adjudicated by an upper decree in 1906 and a lower decree in 1909, and also alleged that defendant did not petition the court pursuant to section 89-1001, subsections (2) and (3), R.C.M.1947, to have the Commissioner distribute defendant's water in Flint Creek, nor did anyone else petition the court to that effect; that there are installed at various points in defendant's distribution system and in Flint Creek measuring devices by which the amount of water introduced by defendant into the Flint Creek valley from the East Fork of Rock Creek can be measured and also the amount used; that the Commissioner informed the defendant that so long as there was any water flowing in Flint Creek he was going to take same regardless of whether the water was stored water owned by defendant or natural flow; that therefore the defendant refused to remove the lock from the Allendale Ditch headgate; that under the provisions of sections 89-118, 89-121, and 89-123, defendant has complete authority over its stored waters, not only when confined in the reservoir, but also after they are released, and such authority continues to the place of use; and, that to allow the Commissioner to take defendant's water to fulfill decreed water rights will deprive defendant of a valuable property right.

Defendant prayed the court: (1) to declare the respective rights of the parties with respect to the matters in controversy; (2) to decree that the Water Commissioner is without author-

ity to distribute any East Fork water flowing in Flint Creek belonging to the defendant; and, (3) to decree that the defendant has full and complete authority and jurisdiction over its stored water when confined in its reservoir and when released from said reservoir for use, and that such authority and jurisdiction continues to the place of use.

At this point in the proceedings, plaintiffs moved for a judgment on the pleadings on the grounds: (1) that the amended answer is a frivolous pleading in that no factual issue is presented by said answer since all the material allegations of plaintiffs' complaint have been admitted therein; and, (2) that only a question of law, relating to the authority of a Water Commissioner over stored and reservoired waters diverted into the stream under his jurisdiction is presented by the pleadings in this action.

The district court granted plaintiffs' motion and thereafter entered a judgment ordering: (1) that defendant is without lawful authority to padlock or lock any headgate of Flint Creek in any manner which will interfere with the distribution of all the waters of Flint Creek when a Water Commissioner has been appointed for that purpose, or in any other way to interfere with the distribution of waters of Flint Creek by the lawfully appointed Water Commissioner thereof; and, (2) that defendant is bound and required to allow a duly appointed Water Commissioner to measure and distribute any water conveyed through the natural channel of Flint Creek and that said Commissioner is the sole party having authority to measure and distribute such water when such Commissioner has been duly appointed.

By such judgment defendant was ordered not to lock any headgate which will interfere with the distribution of the waters of Flint Creek. Obviously, this order was predicated upon plaintiffs' allegation that defendant, by refusing to unlock the headgate to the Allendale Ditch, rendered it impossible for the Water Commissioner to carry out his lawful duties. In its

answer the defendant specifically denies such allegation; hence in view of this, we will direct our inquiry to the propriety of the district court's order granting plaintiffs' motion for a judgment on the pleadings.

Pertinent at this point is Equity Co-op. Assn. of Roy, Montana v. Co-op. Milling Co., 63 Mont. 26, 32, 33, 206 P. 349, 351 (1922), wherein concerning a motion for a judgment on the pleadings, we said:

"It is well settled in this state that, if there is presented by the pleadings any issue of fact, it constitutes reversible error to order judgment on the pleadings. [Citing cases.]

"Entry of judgment on the pleadings cannot be sustained unless under the admitted facts the moving party is entitled to judgment without regard to what the findings might be on the facts upon which issue is joined. * * *

"* * * Denials of fact material to plaintiff's recovery may not be treated as a nullity and judgment on the pleadings entered."

The foregoing is especially applicable in the instant case, because the judgment of the district court is clearly influenced by plaintiffs' allegation that the defendant's refusal to unlock the headgate to the Allendale Ditch renders it impossible for the Water Commissioner to measure and distribute the waters in question. Defendant's denial of this material allegation precludes a judgment on the pleadings. Equity Co-op. Assn. of Roy, Montana v. Co-op. Milling Co., supra.

The order of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.